147 P.3d 573 (2006)
In the Matter of the PERSONAL RESTRAINT Petition OF William Raymond VANDELFT, Petitioner.
No. 77733-1.
Supreme Court of Washington.
Argued May 9, 2006.
Decided November 30, 2006.
*574 Sheryl Gordon McCloud, Attorney at Law, Seattle, WA, for Petitioner.
Steven J. Tucker, Attorney at Law, Andrew J. Metts III, Spokane County Pros Offc, Spokane, WA, for Respondent.
BRIDGE, J.
¶ 1 William VanDelft was convicted of six crimes arising from five incidents in which he initiated contact with different boys and propositioned them for sex, using varying degrees of threats or violence. In this personal restraint petition, his second, VanDelft argues that the trial court's sentencing violated Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), by requiring VanDelft's sentence for kidnapping in the second degree with sexual motivation (count 1) to be served consecutively to his sentences for all other counts pursuant to RCW 9.94A.589(1)(a). We hold that since VanDelft's judgment and sentence became final after Blakely was decided and the principles announced in Blakely apply to consecutive sentences imposed under RCW 9.94A.589(1)(a), the trial court erred when it imposed count 1 consecutively because the trial judge, not the jury, found that a concurrent sentence would be clearly too lenient.

I

Statement of Facts and Procedural History
¶ 2 VanDelft was convicted by a jury on April 3, 2002 in Spokane County Superior Court of one count of kidnapping in the second degree with sexual motivation (count *575 1), two counts of attempted kidnapping in the first degree with sexual motivation (counts 3 and 6), two counts of communication with a minor for immoral purposes (counts 2 and 4), and one count of intimidation with a dangerous weapon (count 5). The kidnapping and attempted kidnapping convictions were felonies, while the others were gross misdemeanors. RCW 9.41.270; RCW 9.68A.090; RCW 9A.40.020, .030; RCW 9A.28.020. The jury returned special findings of sexual motivation on the kidnapping and attempted kidnapping charges. The jury also returned special verdicts finding VanDelft used a deadly weapon other than a firearm when committing the second degree kidnapping and one of the attempted first degree kidnappings.
¶ 3 The convictions were based on five separate incidents that occurred between June 13 and September 12, 2001. State v. VanDelft, noted at 118 Wash.App. 1071, 2003 WL 22351800 at *1, 2003 Wash.App. LEXIS 2364, at *2, review denied, 151 Wash.2d 1026, 94 P.3d 960, cert. denied, 543 U.S. 960, 125 S.Ct. 417, 160 L.Ed.2d 325 (2004).[1] The incidents involved five boys, 11 to 14 years old, and took place at various locations around Spokane. In the only incident at issue here, VanDelft struck up a conversation with an 11-year-old and offered him a ride. VanDelft then grabbed the boy and pulled out a knife, but the boy was able to run away. VanDelft chased the boy and managed to pin him down, but the boy escaped again. For this incident, VanDelft was convicted of kidnapping in the second degree with sexual motivation (count 1).
¶ 4 VanDelft was sentenced on July 12, 2002. The sentence for each individual crime was within its standard sentencing range. RCW 9.94A.589(1)(b) expressly required the court to run the sentences for the two attempted first degree kidnapping counts consecutively because they are statutorily defined as serious violent offenses. The court also ordered the sentences for the second degree kidnapping (96 months for count 1) and the three gross misdemeanors to run consecutively to each other and to all other charges. The result was that each sentence would be served consecutively for a total of 315 months.
¶ 5 To support its conclusion that count 1 would be served consecutively to the other felony sentences even though it was not a serious violent offense, the trial judge entered findings of fact and conclusions of law. The judge found that the jury returned special verdicts finding sexual motivation on each of counts 2, 3, and 6 and deadly weapon enhancements on counts 1 and 6. He found that the defendant had an offender score of 15 on each of the three felony convictions. He found the sentences in the two attempted first degree kidnapping convictions would necessarily run consecutive to each other by operation of RCW 9.94A.589(1)(b). Finally, he found
[t]hat given the defendant's offender score and that the crimes involved several distinct criminal acts against five different victims, a concurrent sentence on Count I to the two serious violent offenses in Counts III and VI, would fail to hold the defendant accountable for all of the crimes for which he was convicted, since he would serve no additional time for Count I.
Findings of Fact and Conclusions of Law at 2. The court then ruled that a concurrent sentence on count 1 would result in a sentence that was "clearly too lenient" and determined that the sentence for count 1 would run consecutive to all other counts in this case. Id. at 3.
¶ 6 VanDelft appealed his convictions but not his sentence. VanDelft, at *1, 2003 Wash.App. LEXIS 2364, at *1. The Court of Appeals affirmed VanDelft's convictions in an unpublished opinion on October 16, 2003, and this court denied his petition for review on June 2, 2004. Id.; State v. VanDelft, 151 Wash.2d 1026, 94 P.3d 960 (2004). The Court of Appeals issued its mandate terminating review on June 16, 2004. In the meantime, in February 2004, VanDelft filed his first personal restraint petition in the *576 Court of Appeals. That petition was dismissed on July 1, 2004. In his direct appeal, VanDelft had also filed a petition for writ of certiorari in the United States Supreme Court on June 25, 2004, which was ultimately denied on November 1, 2004. VanDelft v. Washington, 543 U.S. 960, 125 S.Ct. 417, 160 L.Ed.2d 325 (2004).
¶ 7 VanDelft, acting pro se, filed his second personal restraint petition at the Court of Appeals in February 2005, arguing his sentence violated Blakely. The Chief Judge of the Court of Appeals dismissed this personal restraint petition, relying on State v. Evans, 154 Wash.2d 438, 448-49, 114 P.3d 627, cert. denied, ___ U.S. ___, 126 S.Ct. 560, 163 L.Ed.2d 472 (2005), in which we held that Blakely does not apply retroactively to convictions already final when Blakely was decided. VanDelft then filed a motion for discretionary review in this court seeking review of the order dismissing his petition, which was granted.

II

Analysis
¶ 8 VanDelft argues that his convictions were still pending on review and not yet final when Blakely was decided. He asserts that the principles set forth in Blakely must be applied to his sentence, and he contends that the imposition of an exceptional consecutive sentence under RCW 9.94A.589(1)(a) violates Blakely. The State asserts that after this court's decision in State v. Cubias, 155 Wash.2d 549, 120 P.3d 929 (2005), Blakely does not apply to consecutive sentences that are otherwise within the standard range. The State also argues that VanDelft's petition should be barred because it is successive.
¶ 9 Finality: We have held that Blakely introduced a new rule of criminal procedure. Evans, 154 Wash.2d at 448, 114 P.3d 627. We apply a new rule for the conduct of criminal prosecutions retroactively "to all cases, state or federal, pending on direct review or not yet final." In re Pers. Restraint of St. Pierre, 118 Wash.2d 321, 326, 823 P.2d 492 (1992) (citing Griffith v. Kentucky, 479 U.S. 314, 328, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987)). The Court of Appeals dismissed this personal restraint petition because the mandate on VanDelft's direct appeal was issued on June 16, 2004, but Blakely was not decided until June 24, 2004. Yet under Washington law, a judgment becomes final on the last of the following dates: when the judgment is filed with the clerk of the trial court, when the appellate court issues its mandate terminating direct review, or when "the United States Supreme Court denies a timely petition for certiorari to review a decision affirming the conviction on direct appeal." RCW 10.73.090(3); see also Griffith, 479 U.S. at 321 n. 6, 107 S.Ct. 708 n. 6. The United States Supreme Court denied VanDelft's petition for writ of certiorari on November 1, 2004, more than four months after Blakely was decided, so VanDelft's direct appeal was still pending and not yet final when Blakely was decided. The Court of Appeals erred when it dismissed VanDelft's petition.
¶ 10 Successive Petition: In its answer to VanDelft's motion for discretionary review, the State contends that the Court of Appeals correctly dismissed this petition, VanDelft's second, because it is successive. Under either RCW 10.73.140 (which applies only to the Court of Appeals) or RAP 16.4(d) (which applies to this court), a successive petition for similar relief must be dismissed absent good cause shown. In re Pers. Restraint of Stoudmire, 145 Wash.2d 258, 262-63, 36 P.3d 1005 (2001). Yet this is true only where the relevant issue was previously heard and determined on the merits. Id. at 263, 36 P.3d 1005. In addition, a new issue cannot be raised in a successive petition to the Court of Appeals without a showing of good cause for the failure to raise the issue earlier. RCW 10.73.140.[2]
*577 ¶ 11 When VanDelft filed his first personal restraint petition in February 2004, Blakely had not yet been decided. An intervening change in the law material to the petitioner's case can amount to good cause for a successive petition, and as noted above, Blakely announced a new rule. Evans, 154 Wash.2d at 448, 114 P.3d 627; In re Pers. Restraint of Crabtree, 141 Wash.2d 577, 583, 9 P.3d 814 (2000). Thus, Van Delft's personal restraint petition cannot be dismissed as successive because it raised a new issue not previously heard and determined on the merits, and there was good cause for not raising the issue previously. We therefore proceed to consider the merits of VanDelft's petition.
¶ 12 Blakely Challenge to the Consecutive Sentence for Count 1: VanDelft contends that the imposition of an exceptional consecutive sentence under RCW 9.94A.589(1)(a) violates the principles set forth in Blakely. RCW 9.94A.589 determines whether multiple felony convictions are sentenced concurrently or consecutively. Under RCW 9.94A.589(1)(b) (hereinafter (1)(b)), sentences for separate and distinct serious violent offenses, including attempted first degree kidnapping, "shall be served consecutively to each other and concurrently with sentences [for other felonies] imposed under (a) of this subsection." See also RCW 9.94A.030(41). Felonies that are not serious violent offenses "shall be served concurrently" under RCW 9.94A.589(1)(a) (hereinafter (1)(a)). Consecutive sentences for (1)(a) crimes may be imposed only "under the exceptional sentence provisions of RCW 9.94A.535." RCW 9.94A.589(1)(a).[3] Second degree kidnapping, the offense at issue here, is not a serious violent offense, and therefore (1)(a) governs sentencing for that crime. RCW 9.94A.030(41).
¶ 13 RCW 9.94A.535 reiterates that a departure from the presumption of concurrent sentences for nonserious violent felonies is an exceptional sentence. At the time that VanDelft was sentenced, the illustrative factors listed in RCW 9.94A.535 that could support an exceptional sentence without additional jury findings included "[t]he operation of the multiple offense policy of RCW 9.94A.589 results in a presumptive sentence that is clearly too lenient in light of the purpose of this chapter." Former RCW 9.94A.535(2)(i) (2002).
¶ 14 In this case, counts 3 and 6 (attempted first degree kidnapping with sexual motivation) were properly classified as separate and distinct serious violent offenses, and VanDelft concedes that they were appropriately sentenced consecutively under (1)(b). Pet'r's Suppl. Br. at 7-8. VanDelft also concedes that the statutory presumption of concurrent sentencing contained in (1)(a) does not apply to gross misdemeanors, and he does not challenge the consecutive sentencing for the three gross misdemeanors in this case.[4]Id. The consecutive sentence for count 1 (96 months for second degree kidnapping with sexual motivation) is the only portion of VanDelft's sentence affected by his current petition. Id. at 8.
¶ 15 The trial court imposed an exceptional consecutive sentence pursuant to (1)(a) for count 1 based on its conclusion that concurrent sentencing would "fail to hold [VanDelft] accountable for all of the crimes for which he was convicted." Findings of Fact and Conclusions of Law at 2. VanDelft's offender score was at least 15 based on his criminal history and the multiple current offenses, but the maximum offender score accounted for on the sentencing grid was 9. Report of Proceedings at 409; RCW 9.94A.510. As a result, VanDelft would receive no additional punishment for count 1 if it were served concurrently to the others. The trial judge *578 concluded that concurrent sentencing for count 1 was therefore "clearly too lenient." Findings of Fact and Conclusions of Law at 3.
¶ 16 In Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the United States Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." In Blakely, the Court explained that the "`statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." Blakely, 542 U.S. at 303, 124 S.Ct. 2531. In other words, the "statutory maximum" is the maximum that a judge may impose "without any additional findings." Id. at 304, 124 S.Ct. 2531.
¶ 17 In Cubias, this court discussed the impact of Apprendi and Blakely on consecutive sentencing determinations made pursuant to (1)(b). 155 Wash.2d at 550, 120 P.3d 929. In that case, the jury found Cubias guilty of three counts of attempted murder in the first degree. Id. Because the three counts were charged based on three different victims, the trial court imposed consecutive sentences for each count pursuant to (1)(b), which presumes consecutive sentences for serious violent offenses so long as the charges arose out of "`separate and distinct criminal conduct.'" Id. (quoting (1)(b)). Cubias argued the imposition of consecutive sentences in his case violated Apprendi and Blakely because the trial judge, not the jury, found that the three counts of attempted murder constituted separate and distinct criminal conduct. Id. at 550-51, 120 P.3d 929. We held that the principle set forth in Apprendi and Blakely did not apply and upheld the sentences imposed by the trial court. Id. at 551, 120 P.3d 929.
¶ 18 We explained that "in both Blakely and Apprendi, the United States Supreme Court was directing its attention to the sentence on a single count of a multiple-count charge." Id. at 553, 120 P.3d 929. Because the Apprendi Court contemplated only whether the sentence for a single count exceeded the statutory maximum, we reasoned that "Apprendi does not have any application to consecutive sentences; to conclude otherwise would extend Apprendi's holding beyond the narrow grounds upon which it rested." Id. at 554, 120 P.3d 929. We similarly reasoned that the Blakely Court was not concerned with consecutive sentences. Id. (citing Blakely, 542 U.S. at 299 n. 2, 124 S.Ct. 2531). Even so, we also emphasized that Cubias had no entitlement under (1)(b) to serve concurrent sentences for multiple serious violent offenses. Id. at 554-55, 120 P.3d 929. Furthermore, in discussing a similar Court of Appeals case, we noted that the imposition of consecutive sentences under (1)(b) does not operate to elevate crimes to the equivalent of a greater offense. Cubias, 155 Wash.2d at 555, 120 P.3d 929 (discussing State v. Kinney, 125 Wash.App. 778, 106 P.3d 274 (2005)). We concluded that a trial court's imposition of consecutive sentences under (1)(b) "does not increase the penalty for any single underlying offense beyond the statutory maximum provided for that offense and, therefore, does not run afoul of . . . Apprendi and Blakely." Id. at 556, 120 P.3d 929.
¶ 19 Then, in State v. Louis, 155 Wash.2d 563, 572, 120 P.3d 936 (2005), the companion case to Cubias and another (1)(b) case, we reiterated:
the principle set forth in Apprendi and Blakely has no application to consecutive sentencing decisions so long as each individual sentence remains within the statutory maximum for that particular offense.
¶ 20 VanDelft argues that the Cubias rule should not apply to charges sentenced under (1)(a) because (1)(a) presumes sentences will be served concurrently and the presumption can be overcome only by a finding of an aggravating factor under RCW 9.94A.535. VanDelft is correct that the operative distinction between (1)(a) and (1)(b) is that under (1)(a) the defendant enjoys a statutory presumption of concurrent sentencing, but under (1)(b) he does not. In Cubias we emphasized that "[a] defendant has no right to serve concurrent sentences for committing multiple serious violent offenses [under (1)(b) ]," but *579 here VanDelft did enjoy a presumption of a concurrent sentence for count 1. 155 Wash.2d at 555, 120 P.3d 929. Indeed, the Blakely Court spoke in terms of the sentencing limits which a defendant is entitled to expect based on the jury verdict. See Blakely, 542 U.S. at 309, 124 S.Ct. 2531. Unlike Cubias, the facts found by the trial judge in this case went beyond the jury verdict and changed the nature of the sentence that the defendant was entitled to expect for count 1 from concurrent to consecutive. The trial judge's findings operated to elevate the punishment for a nonserious violent offense to the realm of punishment for serious violent offenses based on facts not reflected in the jury's verdict. See Blakely, 542 U.S. at 303, 124 S.Ct. 2531; Apprendi, 530 U.S. at 494, 120 S.Ct. 2348; Kinney, 125 Wash.App. at 783, 106 P.3d 274.
¶ 21 More importantly, there is no dispute that the legislature has characterized consecutive sentences imposed under (1)(a) as exceptional, requiring a finding of an aggravating factor for support. RCW 9.94A.535. In fact, in order to overcome the presumption of concurrent sentencing in (1)(a), the sentencing judge in this case employed the very exceptional sentencing scheme at issue in Blakely. Blakely, 542 U.S. at 299, 124 S.Ct. 2531; RCW 9.94A.535. Moreover, there is no dispute that in State v. Hughes, 154 Wash.2d 118, 140, 110 P.3d 192 (2005), we held "[t]he conclusion that allowing a current offense to go unpunished is clearly too lenient is a factual determination that cannot be made by the trial court following Blakely."
¶ 22 Given (1)(a)'s presumption of concurrent offenses and the exceptional nature of a consecutive sentence imposed for a nonserious violent felony, we conclude that the rule announced in Cubias applies only to consecutive sentences imposed under (1)(b). We hold that because (1)(a) requires the trial court to look to the exceptional sentencing scheme in RCW 9.94A.535 in order to impose a consecutive sentence for a nonserious violent felony, Blakely and Hughes squarely apply to consecutive sentencing decisions under (1)(a). Here the trial judge found that a concurrent sentence for count 1 would be clearly too lenient, a fact not reflected in the jury verdict, in violation of Blakely and Hughes. We reverse the Court of Appeals, grant the petition, and remand to the trial court for resentencing of count 1 concurrent with the other counts. See Hughes, 154 Wash.2d at 156, 110 P.3d 192 (remanding for resentencing within the standard range).[5]

III

Conclusion
¶ 23 Because VanDelft's appeal was still pending and not yet final when Blakely was decided, his petition asserting a Blakely violation was improperly dismissed by the Court of Appeals. His petition is not successive. The trial court here imposed an exceptional sentence when it ordered VanDelft's sentence for count 1 to be served consecutively, and thus Cubias is inapplicable. The exceptional consecutive sentence for count 1 was based on facts found by the trial judge and not reflected in the jury verdict, in violation of Blakely and Hughes. We reverse the Court of Appeals, grant the petition, and remand for resentencing of count 1.
WE CONCUR: Justices TOM CHAMBERS, CHARLES W. JOHNSON, SUSAN OWENS, BARBARA A. MADSEN, MARY E. FAIRHURST and RICHARD B. SANDERS.
ALEXANDER, C.J. (dissenting).
¶ 24 The majority holds that the "Cubias rule" should not apply in this case. See State v. Cubias, 155 Wash.2d 549, 120 P.3d 929 (2005). In reaching its decision, it observes, "[William] VanDelft is correct that the operative distinction between [RCW 9.94A.589] (1)(a) and (1)(b) is that under (1)(a) the defendant enjoys a statutory presumption of concurrent sentencing, but under (1)(b) he does not." Majority at 579. Because I am unable to find an "operative distinction" between *580 RCW 9.94A.589(1)(a) and (1)(b), I see no reason why our decision in Cubias does not control our review of VanDelft's sentence. Accordingly, I dissent.
¶ 25 In Cubias, we held that a trial court could impose consecutive sentences without a separate finding by a jury as to whether each count was separate and distinct. Majority at 578 (citing Cubias, 155 Wash.2d at 550, 120 P.3d 929). In affirming Cubias's sentence, we held that both Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) and Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) did not have any application to consecutive sentences. Cubias, 155 Wash.2d at 554, 120 P.3d 929. As the majority correctly observes, the imposition of consecutive sentences "`does not increase the penalty for any single underlying offense beyond the statutory maximum provided for that offense and, therefore, does not run afoul of . . . Apprendi and Blakely.'" Majority at 578-79 (quoting Cubias, 155 Wash.2d at 556, 120 P.3d 929).
¶ 26 In Cubias, we held that when a trial judge imposes consecutive sentences under (1)(b), he or she does not run afoul of Blakely. Here, we are faced with the question of whether a trial judge may impose consecutive sentences instead of a concurrent sentence under (1)(a). Thus, any departure from Cubias to invoke Blakely for sentences issued under (1)(a) depends upon finding a substantial difference between (1)(a) and (1)(b).
¶ 27 I am unable to find any difference between (1)(a) and (1)(b) that surmounts their similarities. The majority finds such a difference, indicating that "under (1)(a) the defendant enjoys a statutory presumption of concurrent sentencing, but under (1)(b) he does not." Majority at 578-79. It derives this presumption from the language of the two subsections. Concurrent sentences are "presumed" under (1)(a) because that provision says that consecutive sentences "may" be imposed, while concurrent sentences are not "presumed" under (1)(b) because that provision says that consecutive sentences "shall" be imposed.
¶ 28 For the majority, the difference between the two subsections, distilled to its essence, is a presumption of concurrent sentencing. Where the statute has a presumption of concurrent sentences under (1)(a), imposing consecutive sentences triggers Blakely. But, where the statute is without a presumption of concurrent sentencing under (1)(b), that is, where it allows for either a concurrent or consecutive sentence, imposing consecutive sentences does not trigger Blakely.
¶ 29 The flaw in the majority's reasoning is that our decision in Cubias did not turn upon what presumptions were found in (1)(b). It was not a critical factor. As noted above, Cubias turned upon a narrow reading of Blakely. There, we affirmed the imposition of consecutive sentences because Blakely gave instructions as to the range of only individual sentences. As the majority noted, we said in Cubias that "`in both Blakely and Apprendi, the United States Supreme Court was directing its attention to the sentence on a single count of a multiple-count charge.'" Majority at 578 (quoting Cubias, 155 Wash.2d at 553, 120 P.3d 929).
¶ 30 I fail to understand how the presence of a presumption for concurrent sentences somehow reverses the analysis we used in Cubias. This point is underscored by the dissent in Cubias. In it, Justice Madsen took specific issue with our emphasis on the singular nature of the sentences involved in Blakely and Apprendi. See Cubias, 155 Wash.2d at 558, 120 P.3d 929 (Madsen, J., dissenting) ("For Sixth Amendment purposes, there is no difference between an exceptional sentence that increases the length of a sentence for one count beyond the presumptive range and an exceptional consecutive sentence that increases the presumptive length of incarceration."). Her argument demonstrates the axis upon which Cubias turned: whether Blakely applies is determined by examining each sentence in isolationnot by examining an amalgamation of those sentences. Because Cubias did not turn upon the lack of a presumption of concurrent sentences, I fail to see how our analysis *581 in it is reversed by the presence of such a presumption. I respectfully dissent.
Justice JAMES M. JOHNSON, concurs.
NOTES
[1] In each incident, VanDelft engaged the boy in conversation and then attempted to lure or threaten the boy into his car. In some cases he explicitly asked for or demanded sexual favors, and in some cases he used a knife or gun to threaten violence if the boy refused to comply. VanDelft, at * 1 n. 1-n. 4, 2003 Wash.App. LEXIS 2364, at * 1-4 n. 1-n. 4.
[2] New issues in successive petitions are barred in this court by way of the abuse of the writ doctrine, which applies only where the petitioner has been represented by counsel throughout postconviction proceedings. In addition, the doctrine does not apply where the new issue is based on an intervening change in the law. In re Pers. Restraint of Stenson, 153 Wash.2d 137, 144-45, 102 P.3d 151 (2004).
[3] Ordinarily, the multiplicity of separate and distinct nonserious violent felonies is accounted for under (1)(a) when each count is considered as criminal history with respect to the others, increasing the offender score for each count for purposes of calculating the standard range for each offense. RCW 9.94A.589(1)(a); State v. Batista, 116 Wash.2d 777, 783, 808 P.2d 1141 (1991).
[4] The maximum imprisonment for gross misdemeanors is one year where the punishment is not otherwise fixed by statute. RCW 9.92.020. The Sentencing Reform Act of 1981 (chapter 9.94A RCW), including RCW 9.94A.589, does not apply to misdemeanors. RCW 9.94A.010; State v. Snedden, 149 Wash.2d 914, 922, 73 P.3d 995 (2003); State v. Whitney, 78 Wash.App. 506, 517, 897 P.2d 374 (1995).
[5] The United States Supreme Court recently held that Blakely error can be subject to harmless error analysis. Washington v. Recuenco, 548 U.S. ___, 126 S.Ct. 2546, 2553, 165 L.Ed.2d 466 (2006). However, because the State has never argued harmless error in this case, we decline to address that issue here.