150 P.3d 597 (2007)
STATE of Washington, Respondent,
v.
Albert Earl VAN BUREN, Appellant.
No. 30237-3-II.
Court of Appeals of Washington, Division 2.
January 9, 2007.
Thomas E. Weaver Jr., Bremerton, WA, for Appellant.
Randall Avery Sutton, Kitsap County Prosecutor's Office, Port Orchard, WA, Jennifer Anne Irvine Forbes, McGavick Graves PS, Tacoma, WA, for Respondent.
QUINN-BRINTNALL, C.J.
¶ 1 This is the third time we have addressed Albert Earl Van Buren's sentencing following his Alford[1] plea to two counts of third degree rape of a child and one count of third degree rape.
¶ 2 Van Buren entered an Alford plea to two counts of third degree rape of a child and one count of third degree rape. The trial court imposed a standard range sentence of 60 months on each count, but ran two of the counts consecutively under former RCW 9.94A.589(1)(a) (2000). The court gave two justifications for the consecutive sentences: first, that Van Buren showed no remorse for the offenses, and second, that Van Buren's high offender score would cause him to go unpunished for two of the three offenses. See former RCW 9.94A.535(2)(i) (2001). The trial court stated that either basis was a sufficient and compelling reason for the sentencing. Van Buren appealed.
¶ 3 In State v. Van Buren, 123 Wash.App. 634, 98 P.3d 1235 (2004) (Van Buren I), we held that Van Buren's consecutive sentences were constitutional under Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), because the sentencing was not based on improper judicial fact finding. In State v. Hughes, 154 Wash.2d 118, 138-40, 110 P.3d 192 (2005), our Supreme Court directly addressed Van Buren I and concluded that improper judicial fact finding had occurred. Our Supreme Court subsequently remanded Van Buren I for our further consideration.
¶ 4 On remand, we ordered supplemental briefing on the impact of State v. Cubias, 155 Wash.2d 549, 120 P.3d 929 (2005). On May *598 22, 2006 we stayed Van Buren's appeal pending the Supreme Court's decision in In re Pers. Restraint Petition of VanDelft, 158 Wash.2d 731, 147 P.3d 573 (2006).. Our Supreme Court issued its opinion in VanDelft on November 30, 2006. VanDelft controls our decision here.
¶ 5 In VanDelft, our Supreme Court held that consecutive sentences imposed under former RCW9.94A.589(1)(a) are exceptional sentences requiring that a jury find that a concurrent sentence would be clearly too lenient. Specifically, our Supreme Court held:
[B]ecause [RCW 9.94A.589](1)(a) requires the trial court to look to the exceptional sentencing scheme in RCW 9.94A.535 in order to impose a consecutive sentence for a nonserious violent felony, Blakely and Hughes squarely apply to consecutive sentencing decisions under (1)(a).

VanDelft, 158 Wash.2d at 743, 147 P.3d 573 (2006)..
¶ 6 Here, the trial judge, rather than the jury, determined that allowing Van Buren to serve his sentences concurrently would result in his avoiding punishment and receiving a sentence that was clearly too lenient given his conduct. Thus, VanDelft requires that we vacate the portion of Van Buren's sentence requiring that he serve his sentences consecutively. Accordingly, we lift the order of stay issued May 22, 2006, vacate Van Buren's sentence, and remand the case to the superior court for resentencing.
We concur: ARMSTRONG, P.J., and SEINFELD, J. Pro Tem.
NOTES
[1] North Carolina v. Alford, 400 U.S. 25, 37, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).