151 P.3d 1086 (2007)
STATE of Washington, Respondent,
v.
Daniel Ross WOODRUFF, Appellant.
No. 33000-8-II.
Court of Appeals of Washington, Division 2.
February 6, 2007.
Peter B. Tiller, The Tiller Law Firm, Centralia, WA, for Appellant.
Katherine Lee Svoboda, Grays Harbor County Prosecutor's Office, Montesano, WA, for Respondent.

PART PUBLISHED OPINION
VAN DEREN, J.
¶ 1 Daniel R. Woodruff pleaded guilty to three counts of rape of a child in the first degree. Woodruff appeals the consecutive minimum sentences imposed by the trial court under RCW 9.94A.712[1], arguing that they are an invalid exceptional sentence under Blakely,[2]Apprendi,[3]Hughes,[4] and Monroe.[5] *1087 Based on Clarke,[6] RCW 9.94A.712(3), RCW 9.94A.589(1)(a), and RCW 9.94A.535(2), we reject the State's concession that the sentencing court's procedure denied Woodruff's right to a jury under Blakely and the Sixth Amendment.
¶ 2 We stayed the matter pending our Supreme Court's opinion in In re Personal Restraint Petition of VanDelft, 158 Wash.2d 731, 147 P.3d 573 (2006). The Supreme Court has filed its opinion in VanDelft and we now lift the stay, vacate Woodruff's consecutive sentences, and remand for resentencing under RCW 9.94A.712 and State v. Clarke, 156 Wash.2d 880, 134 P.3d 188 (2006).

FACTS
¶ 3 On December 15, 2004, the State charged Daniel R. Woodruff with one count of child molestation in the first degree and three counts of rape of a child in the first degree. Woodruff pleaded guilty to all three counts of rape of a child in the first degree in exchange for the State's agreement to dismiss the child molestation charge. The trial court accepted Woodruff's guilty pleas and dismissed the child molestation charge.
¶ 4 Woodruff's maximum sentence for each his three rape offenses was life imprisonment. The State determined that the RCW 9.94A.712 standard-range minimum sentence for each of Woodruff's convictions was 162 to 216 months, with lifetime community custody, and it recommended that the trial court impose a minimum sentence of 192 months on each count. Woodruff's defense counsel concurred with this calculation and recommendation.
¶ 5 The trial court imposed a maximum sentence of life and a minimum sentence of 216 months on each count and ordered that the sentences be served consecutively, for a total of 648 months' minimum confinement. Citing United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the trial court stated that this sentence was not exceptional because the Washington sentencing guidelines were advisory and not mandatory.[7] Thus, the trial court did not enter findings of fact or conclusions of law specifying aggravating factors to support the imposition of consecutive minimum sentences.
¶ 6 Woodruff appeals.

ANALYSIS
I. STANDARD OF REVIEW
¶ 7 Woodruff presents a Sixth Amendment challenge to the trial court's imposition of an exceptional sentence.[8] We review constitutional challenges to a trial court's sentencing decision de novo. State v. Cubias, 155 Wash.2d 549, 552, 120 P.3d 929 (2005).
II. FORMER RCW 9.94A.712(3) (2004)[9]
¶ 8 The trial court sentenced Woodruff under RCW 9.94A.712. Woodruff argues that *1088 former RCW 9.94A.712(3) prohibits imposition of consecutive minimum sentences for his three offenses unless a jury first finds aggravating circumstances.
¶ 9 RCW 9.94A.712 applies when a non-persistent offender is sentenced for specified sex-related crimes, including rape of a child in the first degree. RCW 9.94A.712(3) requires the sentencing court to impose both a maximum term and a minimum term when sentencing a non-persistent offender according to its provisions. The maximum term consists of "the statutory maximum sentence for the offense." RCW 9.94A.712(3). The minimum term shall be either "within the standard sentence range for the offense, or outside the standard sentence range pursuant to RCW 9.94A.535, if the offender is otherwise eligible for such a sentence." RCW 9.94A.712(3).
¶ 10 Here, for each of Woodruff's three first degree rape convictions, the trial court sentenced him to a minimum term at the high end of the standard range; none of these minimum terms exceeded the standard range for these offenses. See RCW 9.94A.712(3). The trial court also imposed the statutory maximum sentence of life on each count. RCW 9A.44.073; RCW 9A.20.021(1)(a)
¶ 11 Our Supreme Court recently clarified that "sentences imposed under RCW 9.94A.712 are indeterminate." Clarke, 156 Wash.2d at 887, 134 P.3d 188. As such, "Blakely does not apply to an exceptional minimum sentence imposed under RCW 9.94A.712 that does not exceed the statutory maximum sentence imposed." Clarke, 156 Wash.2d at 886, 134 P.3d 188. And "judicial fact-finding is not improper in the context of indeterminate sentencing because the offender has no right to a lesser sentence than his maximum sentence." Clarke, 156 Wash.2d at 892, 134 P.3d 188. In Clarke, our Supreme Court approved the trial court's imposition of an exceptional minimum sentence on each of two counts of second degree rape, to run concurrently, based on two aggravating circumstances, and it "determined that either aggravating factor was sufficient to support Clarke's exceptional minimum sentence." 156 Wash.2d at 884-85, 134 P.3d 188.
¶ 12 Clarke, however, does not address the situation here, namely consecutive standard-range minimum sentences, and RCW 9.94A.712(3) does not specifically address whether sentences for multiple current sex offenses run concurrently or consecutively. The Legislature explicitly left that task to RCW 9.94A.589.
III. IMPOSITION OF CONSECUTIVE SENTENCES UNDER RCW 9.94A.589(1)(a)
¶ 13 Woodruff also argues that the trial court's imposition of three consecutive 216-month minimum sentences violates Apprendi,[10]Blakely,[11]Hughes, and Monroe. He asserts that former RCW 9.94A.712(3) and RCW 9.94A.589(1)(a) require the sentencing *1089 court to impose concurrent sentences within the standard range. We disagree.

A. Clarke

¶ 14 The State concedes that the sentencing court's procedure did not satisfy Blakely's requirements, resulting in the denial of Woodruff's right to a jury under the Sixth Amendment. But this concession ignores the legislative directive that RCW 9.94A.712 controls sentences for first degree rape of a child and Clarke's holding that judicial fact-finding is permissible for the imposition of exceptional sentences under RCW 9.94A.712. Thus, the argument that a jury must make findings to impose consecutive minimum sentences under RCW 9.94A.712 fails, and we reject the State's concession.
¶ 15 The State also notes that "[n]o jury made any findings and no aggravating factors were entered by the court." Brief of Resp't at 3. Although the State incorrectly focuses on the jury's role in sentencing under RCW 9.94A.712(3), the State correctly points to the absence of findings of specific aggravating factors by the trial court. RCW 9.94A.589(1)(a) provides that for current offenses encompassing "the same criminal conduct," "[c]onsecutive sentences may only be imposed under the exceptional sentence provisions of RCW 9.94A.535."[12] RCW 9.94A.535(2) sets forth the aggravating circumstances that a trial court must find in order to support imposition of an exceptional sentence.[13] These aggravating circumstances include:
(a) The defendant and the state both stipulate that justice is best served by the imposition of an exceptional sentence outside the standard range, and the court finds the exceptional sentence to be consistent with and in furtherance of the interests of justice and the purposes of the sentencing reform act.
(b) The defendant's prior unscored misdemeanor or prior unscored foreign criminal history results in a presumptive sentence that is clearly too lenient in light of the purpose of this chapter, as expressed in RCW 9.94A.010.
(c) The defendant has committed multiple current offenses and the defendant's high offender score results in some of the current offenses going unpunished.
(d) The failure to consider the defendant's prior criminal history which was omitted from the offender score calculation pursuant to RCW 9.94A.525 results in a presumptive sentence that is clearly too lenient.
RCW 9.94A.535(2).

B. Van Delft

¶ 16 Because the issue may arise on remand, we briefly discuss our Supreme Court's recent VanDelft decision that a trial court may not impose consecutive sentences under RCW 9.94A.589(1)(a) without a jury's finding of aggravating circumstances under RCW 9.94A.535. Our Supreme Court stated:
[B]ecause [RCW 9.94A.589] (1)(a) requires the trial court to look to the exceptional sentencing scheme in RCW 9.94A.535 in order to impose a consecutive sentence for a nonserious violent felony, Blakely and Hughes squarely apply to consecutive sentencing decisions under (1)(a).
VanDelft, 158 Wash.2d at 743, 147 P.3d 573. RCW 9.94A.712(1)(a)(ii) should have governed VanDelft's sentencing for his second degree kidnapping and first degree attempted kidnapping convictions[14] because both are specified offenses involving findings of "sexual motivation" within the meaning of this subsection. And the trial court found aggravating *1090 circumstances warranting an exceptional sentence for Van Delft under RCW 9.94A.535(2). This judicial fact-finding was appropriate under RCW 9.94A.535(2) and Clarke, which, as we previously noted, held judicial fact-finding is permissible for the imposition of exceptional sentences under RCW 9.94A.712. But VanDelft mentions neither RCW 9.94A.712 nor Clarke; moreover, there is no discussion of Van Delft's being sentenced under RCW 9.94A.712(3). Thus, we distinguish VanDelft and do not find it controlling where, as here, sentencing properly occurs under RCW 9.94A.712.

C. Conclusion
¶ 17 Because Woodruff was sentenced under RCW 9.94A.712(3), allowing judicial fact-finding, Clarke, 156 Wash.2d at 892, 134 P.3d 188, the trial court may rely on the factors in RCW 9.94A.535(2) to impose an exceptional sentence. But here, the trial court did not specify any aggravating circumstances to support Woodruff's exceptional consecutive minimum sentences because it did not believe that it was imposing an exceptional sentence. Thus, on this record we cannot review whether substantial and compelling reasons support Woodruff's exceptional sentence. See Clarke 156 Wash.2d at 896, 134 P.3d 188.
¶ 18 Accordingly, we vacate Woodruff's consecutive sentences and remand for resentencing, requiring the trial court to enter factual findings consistent with RCW 9.94A.535 to support the imposition of any exceptional sentence.
¶ 19 The panel having decided that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.
We concur: HUNT and QUINNBRINTNALL, JJ.
NOTES
[1] RCW 9.94A.712 was amended, effective July 1, 2006.
[2] Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).
[3] Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348; 147 L.Ed.2d 435 (2000.)
[4] State v. Hughes, 154 Wash.2d 118, 110 P.3d 192 (2005) overruled on other grounds by Washington v. Recuenco, ___ U.S. ___, 126 S.Ct. 2546, 165 L.Ed.2d 466 (2006).
[5] State v. Monroe, 135 Wash.App. 880, 146 P.3d 931 (2006).
[6] State v. Clarke, 156 Wash.2d 880, 134 P.3d 188 (2006).
[7] We recognize that the trial court made its decision as the law was developing under Blakely. In its brief, the State points out that if we were to adopt the United States Supreme Court's logic in Booker, 543 U.S. at 265, 125 S.Ct. 738, holding that the federal sentencing guidelines are advisory only, the trial court committed no error. This we decline to do.

Contrary to the trial court's assertion here, the Washington sentencing guidelines are mandatory, not advisory. Fixing the range of legal punishments for criminal offenses is a function of the legislature, not the judiciary. Hughes, 154 Wash.2d at 149, 110 P.3d 192. The Washington legislature has clearly indicated that the sentencing guidelines provided in the Sentencing Reform Act (SRA), Title 9.94A RCW, are mandatory. It amended the SRA in 2005 to conform to Blakely and required that a jury determine beyond a reasonable doubt any aggravating fact, other than the fact of a prior conviction that is used to impose greater punishment than the standard range. Laws of 2005, ch. 68, § 1.
[8] The Sixth Amendment guarantees criminal defendants a right to trial by jury. U.S. CONST. amend. VI.
[9] The applicable version of RCW 9.94A.712 at the time of Woodruff's sentencing provides, in pertinent part:

(1) An offender who is not a persistent offender shall be sentenced under this section if the offender:
(a) Is convicted of:
(i) Rape in the first degree, rape in the second degree, rape of a child in the first degree, child molestation in the first degree, rape of a child in the second degree, or indecent liberties by forcible compulsion;. .
(ii) Any of the following offenses with a finding of sexual motivation: [m]urder in the first degree, murder in the second degree, homicide by abuse, kidnapping in the first degree, kidnapping in the second degree, assault in the first degree, assault in the second degree, assault of a child in the first degree, or burglary in the first degree; . . .
. . . .
(3) Upon a finding that the offender is subject to sentencing under this section, the court shall impose a sentence to a maximum term consisting of the statutory maximum sentence for the offense and a minimum term either within the standard sentence range for the offense, or outside the standard sentence range pursuant to RCW 9.94A.535, if the offender is otherwise eligible for such a sentence.
[10] "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490, 120 S.Ct. 2348.
[11] The statutory maximum referenced in Apprendi is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant. Blakely, 542 U.S. at 303, 124 S.Ct. 2531. The "statutory maximum is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings." Blakely, 542 U.S. at 303-04, 124 S.Ct. 2531.
[12] In contrast, all sentences imposed under RCW 9.94A.589(1)(b), for two or more current "serious violent offenses" arising from separate and distinct criminal conduct, must be served consecutively. The legislature classified rape of a child in the first degree as a "violent offense" under RCW 9.94A.030(45)(a)(i) (2002), and not a "serious violent offense" under RCW 9.94A.030(37) (2002).
[13] Compare, RCW 9.94A.535(3), which sets forth the aggravating circumstances that a jury must find before the court may impose an exceptional sentence.
[14] Van Delft was also convicted of two counts of communication with a minor for immoral purposes and one count of intimidation with a dangerous weapon. VanDelft, 158 Wash.2d at 734, 147 P.3d 573 (2006).