**FILED**
**MARCH 4, 2021**
**In the Office of the Clerk of Court**
**WA State Court of Appeals, Division III**

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 37337-1-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HOWARD LACKEY, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

STAAB, J. — Howard Lackey pleaded guilty to manslaughter and second degree

unlawful possession of a firearm. At sentencing, the judge imposed the high end of the

standard range for both offenses and ordered consecutive sentences. Mr. Lackey appeals,

arguing that the court did not make adequate findings to support his sentence and did not

have the authority to impose consecutive sentences. The State concedes that the court did

not make adequate findings but argues that the court had the authority to impose

consecutive sentences. We vacate the sentence and remand for resentencing.

FACTS

Howard Lackey was charged with second degree murder and second degree

unlawful possession of a firearm for the shooting death of Keli Jo Jurdy. Mr. Lackey

eventually pleaded guilty to an amended charge of first degree manslaughter and second

degree unlawful possession of a firearm. The parties agreed on Mr. Lackey's criminal history, offender score calculation, and standard range sentence. With an offender score of 1, the standard range for the manslaughter charge was 86 to 114 months of confinement and 3 to 8 months for the firearm charge. The plea agreement allowed the parties to argue for a sentence within the standard range.

At sentencing, the State requested a sentence at the high end of the sentencing range for each charge to run concurrent. Mr. Lackey requested a low-end standard range sentence. The court concluded that it could and would impose high-end consecutive sentences, 114 months on the manslaughter and 8 months on the firearm charge, for a total of 122 months. In support of its sentence, the court noted:

> The Court also considers the impact on the victim, the past domestic violence, and the fact that you had past felonies that wash that weren't counted toward your offender score. All of those things indicate to the Court that a high end consecutive sentence is appropriate in this case.
>
> So the Court has taken into consideration all of the sentencing arguments, all of the victim impact statements, as well as the statements on behalf of the defendant.

Report of Proceedings at 66-67.

Mr. Lackey objected to the consecutive sentences. In response, the court indicated that the consecutive sentences were supported by the purposes of sentencing outlined in RCW 9.94A.010. The court did not make written findings to support imposing an exceptional sentence.

2

The court also imposed a filing fee of $200 even though Mr. Lackey had qualified for appointed counsel. Other than asking if Mr. Lackey had been previously employed, there was no discussion of Mr. Lackey's ability to pay.

ANALYSIS

Mr. Lackey appeals his sentence, arguing that the court lacked authority to sentence Mr. Lackey to consecutive sentences and failed to consider Mr. Lackey's ability to pay when imposing costs. The State concedes that consecutive sentences under these circumstances constitute an exceptional sentence and that the court failed to enter findings to support an exceptional sentence.

Generally speaking, the Sentencing Reform Act of 1981, ch. 9.94A RCW, requires concurrent sentences when a person is sentenced to two or more current offenses on the same day. RCW 9.94A.589(1)(a). "Consecutive sentences may only be imposed under the exceptional sentence provisions of RCW 9.94A.535." *Id.* RCW 9.94A.535 also makes it clear that consecutive sentences are exceptional sentences. The imposition of an exceptional sentence requires the court to "set forth the reasons for its decision in written findings of fact and conclusions of law." RCW 9.94A.535.

In this case, while it is clear that the court considered factors to justify an exceptional sentence, it did not believe that a consecutive sentence qualified as an exceptional sentence and did not provide written findings of fact. Written findings are essential. *State v. Friedlund*, 182 Wn.2d 388, 341 P.3d 280 (2015).

3

Mr. Lackey argues that the trial court not only failed to provide written findings to support its sentence, but the court lacked authority to impose consecutive sentences, quoting *State v. Grenning,* 142 Wn. App. 518, 544, 174 P.3d 706 (2008). Br. of Appellant at 6. Mr. Lackey's quote from *Grenning*, includes a citation to *In re Pers. Restraint of VanDelft*, 158 Wn.2d 731, 743, 147 P.3d 573 (2006), for the proposition that "judicial fact-finding that imposes consecutive sentences under RCW 9.94A.589(1)(a) is impermissible." This argument is not well received. *VanDelft* has been expressly overruled:

> In *VanDelft* we applied *Apprendi* and *Blakely* to find that the Sixth Amendment requires a jury, not a judge, to find facts to support consecutive sentences. *Ice*[1] applied *Apprendi* and *Blakely* as well, but arrived at the opposite conclusion. Under *Ice*, a sentencing judge, not a jury, may find facts to support consecutive sentences. *Ice* squarely overrules *VanDelft*. Accordingly, under *Ice* the trial judge did not err by imposing exceptional consecutive sentences for Vance's crimes.

*State v. Vance*, 168 Wn.2d 754, 762-63, 230 P.3d 1055 (2010).

In this case, the parties disagree on the proper remedy. Mr. Lackey argues that the proper remedy is to vacate the sentence and remand with instructions to impose a concurrent sentence. The State asks us to remand without vacating so that the court can enter findings to support the exceptional sentence. Since the court discussed the factors that justify imposing an exceptional sentence but did not believe it was imposing an

---

[1] *Oregon v. Ice*, 555 U.S. 160, 129 S. Ct. 711, 172 L. Ed. 2d 517 (2009).

4

exceptional sentence, the proper remedy is to vacate the sentence and remand for resentencing. *State v. Rasmussen*, 109 Wn. App. 279, 286, 34 P.3d 1235 (2001).

Mr. Lackey also challenges the imposition of the $200 filing fee as part of his sentence. Again, the State concedes that the filing fee should not have been imposed because Mr. Lackey was found indigent.

Under RCW 36.18.020(2)(h), courts are prohibited from imposing court costs, including criminal filing fees, on indigent defendants. Courts are required to make an individualized inquiry into the defendant's ability to pay before imposing legal financial obligations. *State v. Blazina*, 182 Wn.2d 827, 830, 344 P.3d 680 (2015).

In this case, the court did not conduct a *Blazina* inquiry at sentencing, and Mr. Lackey had previously been found indigent for the purposes of acquiring appointed counsel. The discretionary costs should not have been imposed.

Vacate the sentence and remand for resentencing.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Staab, J.

WE CONCUR:

_____     _____
Fearing, J.                                                    Siddoway, A.C.J.

5