174 P.3d 697 (2008)
STATE of Washington, Respondent,
v.
Robert L. VANCE, Appellant.
No. 55364-0-I.
Court of Appeals of Washington, Division 1.
January 7, 2008.
*698 Maureen Marie Cyr, Washington Appellate Project, Attorney at Law, Seattle, WA, for Appellant.
Seth Aaron Fine, Attorney at Law, Mary Kathleen Webber, Snohomish County Prosecutors Office, Everett, WA, for Respondent.
DWYER, J.
¶ 1 When the superior court imposes consecutive sentences of confinement upon a defendant who has been convicted of multiple felonies that are not defined as serious violent offenses, it imposes exceptional sentences. Such exceptional sentences were imposed In this case. These sentences were premised upon the trial court's determination that the imposition of concurrent sentences would result in punishment that was clearly too lenient. Because the United States Constitution requires that such a determination be made by a jury, rather than by the sentencing judge, and because no procedure existed at the time of Robert Vance's convictions for his jury to make such a finding, we reverse the challenged sentences, order them vacated, and remand the case to the trial court with directions that standard range sentences be imposed upon him.
¶ 2 This case has had a long and eventful life. In July 2003, a jury convicted Robert Vance of three counts of child molestation in the first degree, two counts of child molestation in the second degree, and three counts of communication with a minor for immoral purposes. At the subsequent sentencing hearing the court determined that Vance was a persistent offender, as defined in Washington's "two-strikes law,"[1] and sentenced him to serve a term of life imprisonment without the possibility of early release. On direct appeal, we reversed the sentence and remanded the matter to the trial court for re-sentencing.[2] At Vance's second sentencing hearing, held on October 29, 2004, the trial court found that the imposition of concurrent sentences for his three convictions of child molestation in the first degree, the presumptive sentencing consequence pursuant to RCW 9.94A.589,[3] would result in a sentence *699 that was clearly too lenient. Thus, pursuant to former RCW 9.94A.535(2)(i) (2003),[4] the court imposed consecutive sentences for these offenses.[5] However, child molestation in the first degree is not established by statute as a serious violent offense. See RCW 9.94A.030(41).[6]
¶ 3 Vance again appealed, this time contending that by imposing consecutive sentences, the sentencing judge had imposed exceptional sentences upon him in violation of Vance's Sixth Amendment right to trial by jury as discussed in Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). We affirmed.[7] Our Supreme Court subsequently granted review of that decision and remanded the case to us for reconsideration in light of its decision in In the Matter of the Personal Restraint of VanDelft, 158 Wash.2d 731, 147 P.3d 573 (2006), cert. denied, ___ U.S. ___, 127 S.Ct. 2876, 167 L.Ed.2d 1172 (2007). State v. Vance, noted at 159 Wash.2d 1011, 152 P.3d 1032 (2007).
¶ 4 Before us now for the third time, on direct appeal from the most recent sentences imposed based on the jury's 2003 verdicts, Vance again contends that the exceptional sentences violate his right to trial by jury as set forth in Blakely because the sentencing judge, rather than the jury, conducted the fact finding necessary to justify the imposition of exceptional sentences.[8] Based on our Supreme Court's holding in VanDelft, we agree.
¶ 5 In VanDelft, the sentencing judge imposed an exceptional sentence by ordering VanDelft's sentence for kidnapping in the second degree, committed with sexual motivation, to run consecutively to his other sentences. VanDelft, 158 Wash.2d at 735, 147 P.3d 573. RCW 9.94A.030(41) does not include kidnapping in the second degree as a serious violent offense. Sentences for felonies not established as serious violent offenses "shall be served concurrently." RCW *700 9.94A.589(1)(a).[9] Thus, consecutive sentences for those felonies not established as serious violent offenses "may only be imposed under the exceptional sentence provisions of RCW 9.94A.535." RCW 9.94A.589(1)(a).
¶ 6 Former RCW 9.94A.535 (2002) set forth those factors that the legislature allowed a sentencing court to consider in determining whether to impose an exceptional sentence. At the time VanDelft was sentenced, one of those factors was that "[t]he operation of the multiple offense policy of RCW 9.94A.589 results in a presumptive sentence that is clearly too lenient in light of the purpose of this chapter." VanDelft, 158 Wash.2d at 739, 147 P.3d 573 (quoting former RCW 9.94A.535(2)(i)). The sentencing judge premised the imposition of exceptional sentences on the judge's finding that the imposition of concurrent sentences would result in punishment that was "clearly too lenient," given VanDelft's high offender score. VanDelft, 158 Wash.2d at 739-40, 147 P.3d 573. However, our Supreme Court held that the sentencing judge erred by making this finding, VanDelft, 158 Wash.2d at 743, 147 P.3d 573, and ordered that the sentence for the kidnapping in the second degree conviction be vacated and the matter returned to the trial court for resentencing, with directions that the sentence for the kidnapping conviction be imposed to run concurrently with the sentences on the other counts. VanDelft, 158 Wash.2d at 743, 147 P.3d 573. In so holding, the court reiterated its holding in State v. Hughes, 154 Wash.2d 118, 110 P.3d 192 (2005), abrogated in part by Washington v. Recuenco, 546 U.S. 212, 126 S.Ct. 2546, 165 L.Ed.2d 466 (2006), that "`[t]he conclusion that allowing a current offense to go unpunished is clearly too lenient is a factual determination that cannot be made by the trial court following Blakely.'" VanDelft, 158 Wash.2d at 742, 147 P.3d 573 (quoting Hughes, 154 Wash.2d at 140, 110 P.3d 192).[10]
¶ 7 We agree with Vance that VanDelft is indistinguishable from his case. Child molestation in the first degree is not statutorily established as a serious violent offense. The challenged sentences for each of the three counts of this offense are statutorily presumed to run concurrently. Therefore, in ordering the sentences to run consecutively, the sentencing court imposed exceptional sentences. Thus, just as our Supreme Court held that the trial judge in VanDelft erred by imposing exceptional sentences based on the judge's own factual determination, we now hold that Vance's sentencing judge erred by doing the same.
¶ 8 We next must consider whether the error was harmless. Initially, the State argued that the error was harmless because no rational person could doubt that Vance's acts harmed several different victims. However, this argument was eviscerated by our Supreme Court's decision in State v. Womac, 160 Wash.2d 643, 160 P.3d 40 (2007), which was filed after this case was remanded to us. In Womac, the court held that when no legal procedure existed at the time of conviction whereby the jury could have made the findings necessary to support the imposition of an exceptional sentence, the error committed by the sentencing judge in making the factual determination necessary to support the imposition of an exceptional sentence cannot be harmless. Womac, 160 Wash.2d at 663, 160 P.3d 40. Trial courts do not have inherent authority to empanel sentencing juries. Womac, 160 Wash.2d at 663, 160 P.3d 40. At the time of Vance's convictions, no procedure authorizing the empanelling of a jury to conduct fact finding related to the imposition of an exceptional sentence existed. The State now concedes that Womac controls and that *701 the trial court's error cannot be deemed harmless.
¶ 9 We next must consider whether recent amendments to the Sentencing Reform Act of 1981(SRA) allow the State to once again seek an exceptional sentence on remand. In 2005, the legislature amended chapter 9.94A RCW to allow a jury, by special interrogatory, to unanimously find, beyond a reasonable doubt, aggravating factors that could support the imposition of an exceptional sentence.[11] However, the amended statute only applied to "pending criminal matters where trials have not begun or pleas not yet accepted." State v. Pillatos, 159 Wash.2d 459, 470, 150 P.3d 1130 (2007). Therefore, the provisions of the 2005 amendments cannot apply to Vance, who went to trial in 2003.
¶ 10 In response to Pillatos, the legislature again amended the SRA, Laws of 2007, ch. 205, §§ 1-3, and added a new section to RCW 9.94A.537:
In any case where an exceptional sentence above the standard range was imposed and where a new sentencing hearing is required, the superior court may impanel a jury to consider any alleged aggravating circumstances listed in RCW 9.94A.535(3), that were relied on by the superior court in imposing the previous sentence, at the new sentencing hearing.
RCW 9.94A.537(2). The aggravating circumstances listed in RCW 9.94A.535(3) are "an exclusive list" of the factors a jury may consider in deciding whether to impose a sentence above the standard range. RCW 9.94A.535(3) (emphasis added).
¶ 11 The State concedes that the aggravating factor relied upon by Vance's sentencing judge is not listed in RCW 9.94A.535(3).[12] Nevertheless, the State, quoting chapter 205, section 1, of the Laws of 2007, argues that it should be allowed to seek an exceptional sentence on remand, contending that the legislature's intent is clear: "`[T]he superior courts shall have the authority to impanel juries to find aggravating circumstances in all cases that come before the courts for trial or sentencing, regardless of the date of the original trial or sentencing.'" Although the State urges us to fill what it characterizes as a "minor gap" from an inadvertent legislative omission, we decline to do so.
¶ 12 When interpreting a statute, we look first to its plain language. State v. Armendariz, 160 Wash.2d 106, 110, 156 P.3d 201 (2007). See State v. Martin, 94 Wash.2d 1, 8, 614 P.2d 164 (1980). If the plain language of the statute is unambiguous, our inquiry is at an end and the statute must be enforced in accordance with its plain meaning. Armendariz, 160 Wash.2d at 110, 156 P.3d 201.
¶ 13 This has long been the rule. In Martin, for example, our Supreme Court declined to imply the existence of a special sentencing provision by which the death penalty could be imposed in a guilty plea case where a statute specifically required that the trial jury be reconvened and charged with deciding the question of death. Martin, 94 Wash.2d at 7-9, 614 P.2d 164.[13] The court *702 reasoned that the plain language of the death penalty statute foreclosed the possibility of impaneling a special jury when a defendant pleaded guilty:
Clearly the legislature did not anticipate the possibility that an accused might plead guilty to a charge of first degree murder. Thus, it simply failed to provide for that eventuality. As attractive as the State's proposed solution may be, we do not have the power to read into a statute that which we may believe the legislature has omitted, be it an intentional or an inadvertent omission. The statutory hiatus is unfortunate. Nevertheless, it would be a clear judicial usurpation of legislative power for us to correct that legislative oversight.
Martin, 94 Wash.2d at 8, 614 P.2d 164 (citations omitted).
¶ 14 The same reasoning applies here. We cannot ignore the plain language of RCW 9.94A.535(3). Vance's sentencing judge based the exceptional sentence on an aggravating circumstance not found in RCW 9.94A.535(3). Thus, the State's contention that the 2007 amendments provide it with the ability to seek an exceptional sentence on remand fails.
¶ 15 Moreover, Vance notes that even if the 2007 amendments allowed the 2005 provisions to be applied retroactively, the State did not satisfy RCW 9.94A.537(1) because the State did not give Vance pre-trial notice of its intention to seek an exceptional sentence. See Womac, 160 Wash.2d at 663, 160 P.3d 40. We agree.
¶ 16 RCW 9.94A.537 provides:
(1) At any time prior to trial or entry of the guilty plea if substantial rights of the defendant are not prejudiced, the state may give notice that it is seeking a sentence above the standard sentencing range. The notice shall state aggravating circumstances upon which the requested sentence will be based.
The State does not dispute Vance's claim that it never gave him such notice. Accordingly, the State cannot benefit from either the 2005 or the 2007 legislative changes.
¶ 17 In its briefing, the State also argues that Vance's sentences are consistent with Blakely's dictates because the aggravating factor relied upon by the sentencing judge was reflected in the jury's verdicts.[14] In other words, even though no procedure was in place to impanel a jury to make the factual determinations needed for an exceptional sentence, the State argues that in Vance's case there was no constitutional violation because Vance's jury actually made the findings necessary to support the imposition of an exceptional sentence.
¶ 18 In its briefing, the State points to the jury's determination that Vance had molested several different victims, a finding inherent in its multiple guilty verdicts. However, at oral argument, the State correctly conceded that this argument was foreclosed by the Supreme Court's decision in Hughes, 154 Wash.2d 118, 110 P.3d 192, because the facts of Hughes were similar to those herein. We agree. Moreover, the facts in VanDelft are also analogous. Defendants in both VanDelft, 158 Wash.2d at 734, 147 P.3d 573, and Hughes,[15] 154 Wash.2d at 128, 110 P.3d 192, were convicted of sexual offenses against multiple victims. The sentencing judges in both cases imposed exceptional sentences because standard range sentences were deemed to be "too lenient." VanDelft, 158 Wash.2d at 740, 147 P.3d 573; Hughes, 154 Wash.2d at 128, 110 P.3d 192. Those sentences were reversed despite the fact that juries convicted VanDelft and defendant Selvidge of sexual offenses against multiple victims. VanDelft, 158 Wash.2d at 743, 147 P.3d 573; Hughes, 154 Wash.2d at 140, 110 P.3d 192. The VanDelft court expressly noted that a finding that a concurrent sentence *703 would be clearly "too lenient" was not reflected in the jury verdict. 158 Wash.2d at 743, 147 P.3d 573. Accordingly, the State correctly conceded at oral argument that the contention it makes in its briefing is foreclosed by this authority.
¶ 19 The State's argument is also foreclosed under State v. Frampton, 95 Wash.2d 469, 627 P.2d 922 (1981). In Frampton, the question was whether the then-current statutory scheme for imposing the death penalty was unconstitutional in light of our Supreme Court's decision in Martin. Frampton, 95 Wash.2d at 473, 627 P.2d 922. The court reaffirmed its holding in Martin that a defendant who pleaded guilty at arraignment could not be subjected to the enhanced penalty of death for murder in the first degree because that penalty, according to the applicable statute, could only be found to be warranted by the trial jury. Frampton, 95 Wash.2d at 478, 627 P.2d 922. See Martin, 94 Wash.2d at 7-9, 614 P.2d 164. In Frampton the court held that the statutory procedure for imposing the death penalty was unconstitutional as applied to all defendants, regardless of whether the defendant had pleaded guilty or been convicted after a jury trial. Frampton, 95 Wash.2d at 480, 627 P.2d 922. Relying on United States v. Jackson, 390 U.S. 570, 88 S.Ct. 1209, 20 L.Ed.2d 138 (1968), the court reasoned:
The maximum penalty for a defendant who pleads guilty to first degree murder is life imprisonment with possibility of parole. A defendant who pleads not guilty and is subject to a jury trial may receive the death penalty. Where, pursuant to statutory procedure, the death penalty is imposed upon conviction following a plea of not guilty and a trial, but is not imposed when there is a plea of guilty, that statute is unconstitutional.
Frampton, 95 Wash.2d at 478, 627 P.2d 922. The court further reasoned that such a situation needlessly chills a defendant's constitutional right to plead not guilty and demand a jury trial, thus violating due process. Frampton, 95 Wash.2d at 479, 627 P.2d 922. Frampton announced the principle "that a statutory scheme that punishes people charged with the same offense differently, depending upon whether they plead guilty or have a jury trial, is unconstitutional." State v. Bowerman, 115 Wash.2d 794, 803, 802 P.2d 116 (1990) (analyzing Frampton).
¶ 20 In circumstances where, if Vance pleaded guilty, a jury could not have been convened to make the findings necessary to support the imposition of an enhanced punishment upon him, we cannot hold that by going to trial Vance exposed himself to the imposition of enhanced punishment. The Supreme Court's decision in Frampton forecloses such a result.
¶ 21 We reverse Vance's challenged sentences, order them vacated, and remand this matter to the superior court with directions that it impose standard range sentences upon him.[16]
WE CONCUR: SCHINDLER, A.C.J., and AGID, J.
NOTES
[1] RCW 9.94A.570 provides that a persistent offender shall be sentenced to a term of total confinement for life without the possibility of release. Former RCW 9.94A.030(32)(b) (2003) defines a "persistent offender" as an offender who:

(i) Has been convicted of: (A) Rape in the first degree, rape of a child in the first degree, child molestation in the first degree, rape in the second degree, rape of a child in the second degree, or indecent liberties by forcible compulsion; (B) any of the following offenses with a finding of sexual motivation: Murder in the first degree, murder in the second degree, homicide by abuse, kidnapping in the first degree, kidnapping in the second degree, assault in the first degree, assault in the second degree, assault of a child in the first degree, or burglary in the first degree; or (C) an attempt to commit any crime listed in this subsection (32)(b)(i); and
(ii) Has, before the commission of the offense under (b)(i) of this subsection, been convicted as an offender on at least one occasion, whether in this state or elsewhere, of an offense listed in (b)(i) of this subsection or any federal or out-of-state offense or offense under prior Washington law that is comparable to the offenses listed in (b)(i) of this subsection. . . .
[2] In this court, the State had conceded that it had not proved that Vance's current offenses occurred after the July 22, 2001, effective date of the comparability clause of the two-strikes statute. State v. Vance, noted at 122 Wash.App. 1040, 2004 WL 1658630 (2004).
[3] RCW 9.94A.589 addresses consecutive or concurrent sentences and provides that:

(1)(a) Except as provided in (b) or (c) of this subsection, whenever a person is to be sentenced for two or more current offenses, the sentence range for each current offense shall be determined by using all other current and prior convictions as if they were prior convictions for the purpose of the offender score: PROVIDED, That if the court enters a finding that some or all of the current offenses encompass the same criminal conduct then those current offenses shall be counted as one crime. Sentences imposed under this subsection shall be served concurrently. Consecutive sentences may only be imposed under the exceptional sentence provisions of RCW 9.94A.535. . . .
(b) Whenever a person is convicted of two or more serious violent offenses arising from separate and distinct criminal conduct, the standard sentence range for the offense with the highest seriousness level under RCW 9.94A.515 shall be determined using the offender's prior convictions and other current convictions that are not serious violent offenses in the offender score and the standard sentence range for other serious violent offenses shall be determined by using an offender score of zero. The standard sentence range for any offenses that are not serious violent offenses shall be determined according to (a) of this subsection. All sentences imposed under (b) of this subsection shall be served consecutively to each other and concurrently with sentences imposed under (a) of this subsection. . . .
[4] Former RCW 9.94A.535(2)(i) (2003) allowed a court to impose an exceptional sentence after finding that "[t]he operation of the multiple offense policy of RCW 9.94A.589 results in a presumptive sentence that is clearly too lenient in light of the purpose of this chapter, as expressed in RCW 9.94A.010."
[5] The court found that, based on Vance's two prior felony convictions and his multiple current convictions, Vance's offender score was "27," which resulted in an applicable standard range of 149-198 months of confinement. The court imposed a sentence of 198 months imprisonment on each of the child molestation in the first degree counts, to run consecutively to one another and concurrently with the sentences on the other five convictions. Thus, Vance was sentenced to serve a total term of 594 months in prison.
[6] RCW 9.94A.030(41) establishes the following crimes as "serious violent offense[s]": murder in the first degree, homicide by abuse, murder in the second degree, manslaughter in the first degree, assault in the first degree, kidnapping in the first degree, rape in the first degree, and assault of a child in the first degree.
[7] Our decision was premised upon the apparent authority of State v. Cubias, 155 Wash.2d 549, 120 P.3d 929 (2005), in which our Supreme Court, faced with a seemingly similar Blakely challenge, had affirmed a trial court's imposition of consecutive sentences where each individual sentence imposed was itself within the applicable standard range. State v. Vance, noted at 131 Wash.App. 1016, 2006 WL 158664 (2006).
[8] We review constitutional challenges and questions of law de novo. State v. Womac, 160 Wash.2d 643, 649, 160 P.3d 40 (2007).
[9] Conversely, pursuant to RCW 9.94A.589(1)(b), sentences for separate and distinct serious violent offenses "shall be served consecutively to each other and concurrently with sentences imposed under (a) of this subsection."
[10] The Supreme Court also explained an important distinction between the facts in VanDelft and the facts in Cubias. VanDelft, 158 Wash.2d at 742-43, 147 P.3d 573. Unlike the situation in VanDelft, in Cubias, the consecutive sentences imposed did not constitute exceptional sentences. Cubias' sentences, which were all within the standard range, were for serious violent felonies as defined by statute. Thus, the statutory presumption of concurrent sentences did not apply. VanDelft, 158 Wash.2d at 742, 147 P.3d 573.
[11] The 2005 amendments include a new section that reads as follows:

(1) At any time prior to trial or entry of the guilty plea if substantial rights of the defendant are not prejudiced, the state may give notice that it is seeking a sentence above the standard sentencing range. The notice shall state aggravating circumstances upon which the requested sentence will be based.
(2) The facts supporting aggravating circumstances shall be proved to a jury beyond a reasonable doubt. The jury's verdict on the aggravating factor must be unanimous, and by special interrogatory. If a jury is waived, proof shall be to the court beyond a reasonable doubt, unless the defendant stipulates to the aggravating facts.
Former RCW 9.94A.537 (Laws of 2005, ch. 68, § 4).
[12] The "multiple offense policy" set forth in former RCW 9.94A.535(2)(i) ("The operation of the multiple offense policy of RCW 9.94A.589 results in a presumptive sentence that is clearly too lenient in light of the purpose of this chapter, as expressed in RCW 9.94A.010.") was revised by the 2005 amendments. Laws of 2005, ch. 68, § 3. The legislature deleted the "clearly too lenient" language, and provided that this aggravating circumstance should be found by a judge rather than by a jury. See RCW 9.94A.535(2)(c) ("The defendant has committed multiple current offenses and the defendant's high offender score results in some of the current offenses going unpunished.").
[13] The Martin court was analyzing a death penalty statute, former RCW 10.94.020 (1979), repealed by Laws of 1981, ch. 138, § 24.
[14] The State at one time also argued that, under Washington State Constitution, the sentencing judge may make factual findings supporting an exceptional sentence. It appears, however, from the State's final brief and presentation at oral argument that it has prudently abandoned this argument.
[15] Hughes was a consolidated appeal involving three different cases. Hughes, 154 Wash.2d at 126, 110 P.3d 192. The facts of the case of defendant George Selvidge, as discussed in Hughes, supply the basis for our present discussion. See Hughes, 154 Wash.2d at 128, 110 P.3d 192.
[16] Because the issues discussed are dispositive, we do not reach Vance's arguments as to whether exceptional sentences are barred by double jeopardy concerns or whether the mandatory joinder rule applies.