[No. 81393-1. En Banc.]
Argued February 25, 2010. Decided May 6, 2010.

THE STATE OF WASHINGTON, *Petitioner*, v. ROBERT LEE VANCE, *Respondent*.

Mark Roe, *Interim Prosecuting Attorney*, and *Seth A. Fine, Deputy*, for petitioner.

*Maureen M. Cyr* (of *Washington Appellate Project*), for respondent.

¶1 SANDERS, J. — In 2003 a jury convicted Robert Lee Vance of multiple counts of child molestation and communicating with a minor for immoral purposes. Vance claims the trial court's imposition of an exceptional sentence, in the form of consecutive sentences, violated his constitutional right to trial by jury. We cannot agree. Based on recent United States Supreme Court precedent, Vance's sentence was proper.

## FACTS

¶2 In 2003 a Snohomish County jury convicted Vance of three counts of first degree child molestation, two counts of second degree child molestation, and three counts of communication with a minor for immoral purposes. Vance molested at least four different children in committing the crimes. At the time of his 2003 trial, Vance had prior convictions for first degree statutory rape and indecent liberties.

¶3 At sentencing the trial court determined Vance qualified as a persistent offender and sentenced him to life imprisonment without the possibility of early release. Vance appealed. On direct appeal the Court of Appeals reversed Vance's life sentence and remanded for resentencing. *State v. Vance*, noted at 122 Wn. App. 1040, 2004 WL 1658630, 2004 Wash. App. LEXIS 1710 (per curiam).

¶4 In 2004, at Vance's second sentencing hearing, the trial court sentenced Vance to 198 months for each count of first degree child molestation, 116 months for each count of second degree child molestation, and 60 months for each count of communication with a minor for immoral purposes. The sentence for each crime was within the standard range, albeit at the top. The court determined concurrent sentences—which were the presumptive sanction under RCW 9.94A.589(1)(a)[1]—would not adequately punish Vance for his crimes.

¶5 Child molestation and communication with a minor for immoral purposes do not qualify as serious violent offenses. *See* RCW 9.94A.030(41). Serious violent offenses require consecutive sentences. RCW 9.94A.589(1)(b).[2] Because Vance's crimes were not serious violent offenses, in order to impose consecutive sentences, the trial court had to impose an exceptional sentence pursuant to former RCW 9.94A.535(2) (2003). Former RCW 9.94A.535(2)(i) allowed a court to impose an exceptional sentence after finding "[t]he

---

[1] RCW 9.94A.589(1)(a) provides:

Except as provided in (b) or (c) of this subsection, whenever a person is to be sentenced for two or more current offenses, the sentence range for each current offense shall be determined by using all other current and prior convictions as if they were prior convictions for the purpose of the offender score: PROVIDED, That if the court enters a finding that some or all of the current offenses encompass the same criminal conduct then those current offenses shall be counted as one crime. *Sentences imposed under this subsection shall be served concurrently. Consecutive sentences may only be imposed under the exceptional sentence provisions of RCW 9.94A.535* . . . .

(Emphasis added.)

[2] RCW 9.94A.589(1)(b) provides:

Whenever a person is convicted of two or more *serious violent offenses* arising from separate and distinct criminal conduct, the standard sentence range for the offense with the highest seriousness level under RCW 9.94A.515 shall be determined using the offender's prior convictions and other current convictions that are not serious violent offenses in the offender score and the standard sentence range for other serious violent offenses shall be determined by using an offender score of zero. The standard sentence range for any offenses that are not serious violent offenses shall be determined according to (a) of this subsection. *All sentences imposed under (b) of this subsection shall be served consecutively to each other and concurrently with sentences imposed under (a) of this subsection.*

(Emphasis added.)

operation of the multiple offense policy of RCW 9.94A.589 results in a presumptive sentence that is *clearly too lenient* in light of the purpose of this chapter . . . ." (Emphasis added.) The trial judge found that concurrent sentences would be "clearly too lenient" and, instead, applied an exceptional consecutive sentence. The judge applied the first degree child molestation sentences consecutively, and ran the other sentences concurrently, totaling a 594-month term of imprisonment.

¶6 Vance filed another appeal. This time he asserted the trial judge's imposition of consecutive sentences violated his Sixth Amendment right to a jury trial, as highlighted in *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004). The Court of Appeals found no *Blakely* violation and affirmed Vance's consecutive sentences. *Vance*, 2004 WL 1658630, 2004 Wash. App. LEXIS 1710. Vance petitioned this court for discretionary review. We remanded to the Court of Appeals for resentencing in light of our then recently decided case, *In re Personal Restraint of VanDelft*, 158 Wn.2d 731, 147 P.3d 573 (2006). *See State v. Vance*, 159 Wn.2d 1011, 152 P.3d 1032 (2007).

¶7 In *VanDelft*, we construed *Blakely* to require that a jury, not a judge, must make factual determinations supporting exceptional consecutive sentences. " '[T]he conclusion that allowing a current offense to go unpunished is clearly too lenient is a factual determination that *cannot* be made by the trial court following *Blakely*.' " *VanDelft*, 158 Wn.2d at 742 (quoting *State v. Hughes*, 154 Wn.2d 118, 140, 110 P.3d 192 (2005), *abrogated on other grounds by Washington v. Recuenco*, 548 U.S. 212, 126 S. Ct. 2546, 165 L. Ed. 2d 466 (2006)). On remand the Court of Appeals found Vance's circumstances to be indistinguishable from those in VanDelft. *State v. Vance*, 142 Wn. App. 398, 405, 174 P.3d 697 (2008) (*Vance* IV). "Thus, just as our Supreme Court held that the trial judge in *VanDelft* erred by imposing exceptional sentences based on the judge's own factual determination, we now hold that Vance's sentencing judge erred by doing the same." *Id.* at 406. The Court of Appeals

reversed Vance's exceptional consecutive sentences and remanded with instructions for the trial court to impose concurrent sentences within the standard range. *Id.* at 411-12.

¶8 In response the State sought discretionary review in this court. It filed its petition for review on March 31, 2008. After the State filed its brief, however, it became aware the United States Supreme Court had granted certiorari in *Oregon v. Ice*, 343 Or. 248, 170 P.3d 1049 (2007), *cert. granted*, 552 U.S. 1256 (2008). Because *Ice* had the potential to control the instant issue, we deferred our decision whether to grant review until the Supreme Court decided *Ice*. The Court decided *Oregon v. Ice*, 555 U.S. 160, 129 S. Ct. 711, 172 L. Ed. 2d 517 (2009), on January 14, 2009. We granted permission to file supplemental briefs and, ultimately, granted review on March 31, 2009. *State v. Vance*, 165 Wn.2d 1036, 205 P.3d 131 (2009).

## ANALYSIS

¶9 The question before us, then, is whether in light of *Ice*, 129 S. Ct. 711, the Sixth Amendment[3] right to trial by jury requires that a jury, not a trial judge, make findings of fact to support an exceptional consecutive sentence. We review allegations of constitutional violations and questions of law de novo. *In re Det. of Strand*, 167 Wn.2d 180, 186, 217 P.3d 1159 (2009); *State v. Womac*, 160 Wn.2d 643, 649, 160 P.3d 40 (2007).

¶10 In *VanDelft* the trial judge found concurrent sentences would be " 'clearly too lenient' " and, accordingly, imposed exceptional consecutive sentences. *VanDelft*, 158 Wn.2d at 739-40. There the trial court relied on RCW 9.94A-.589 and former RCW 9.94A.535 (2002) to make its determination. *Id.* at 738-39. Here Vance's trial court made the same findings and relied upon the same statutes. The judges in

---

[3] The Sixth Amendment provides, "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the state and district wherein the crime shall have been committed . . . ."

both cases applied exceptional consecutive sentences to nonserious violent offenses, which enjoy a presumption of concurrent sentencing under RCW 9.94A.589(1)(a).

¶11 In *VanDelft*, we construed federal constitutional law to require that juries, not judges, make findings of fact supporting exceptional consecutive sentences. *VanDelft*, 158 Wn.2d at 740-43. We held:

> [B]ecause [RCW 9.94A.589](1)(a) requires the trial court to look to the exceptional sentencing scheme in RCW 9.94A.535 in order to impose a consecutive sentence for a nonserious violent felony, *Blakely* and *Hughes*[4] squarely apply to consecutive sentencing decisions under (1)(a).

*Id.* at 743. In *Vance* IV, the case directly below, the Court of Appeals relied almost exclusively on *VanDelft* to vacate Vance's exceptional sentence. It reversed "[b]ased on our Supreme Court's holding in *VanDelft*. . . ." *Vance* IV, 142 Wn. App. at 404. "Thus, just as our Supreme Court held that the trial judge in *VanDelft* erred by imposing exceptional sentences based on the judge's own factual determination, we now hold that Vance's sentencing judge erred by doing the same." *Id.* at 406.

¶12 The Supreme Court's recent decision in *Ice*, 129 S. Ct. 711, controls this case. *Ice* debated whether the Sixth Amendment (as construed in *Blakely* and *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000)) guaranteed a defendant who has been tried and convicted of multiple offenses, each involving discrete sentencing prescriptions, determination by a jury of any fact declared necessary to the imposition of consecutive, in lieu of concurrent, sentences. *See Ice*, 129 S. Ct. at 714. This is the very issue debated in *VanDelft*—and the identical issue debated here.

¶13 *Ice* focused on Oregon's statutory sentencing scheme. Oregon's scheme mirrors our own. Both presume

---

[4] In *Hughes* we interpreted federal Sixth Amendment jurisprudence to hold that "[t]he conclusion that allowing a current offense to go unpunished is clearly too lenient is a factual determination that *cannot* be made by the trial court following *Blakely*." 154 Wn.2d at 140.

concurrent sentences, but a trial court may impose an exceptional consecutive sentence upon finding certain facts. *See* OR. REV. STAT. (ORS) 137.123(1);[5] *accord* RCW 9.94A-.589(1)(a). Oregon's statute permits a judge to impose consecutive sentences if "a defendant is simultaneously sentenced for criminal offenses that do not arise from the same continuous and uninterrupted course of conduct . . . ." ORS 137.123(2). An Oregon judge may also impose consecutive sentences stemming from the same course of conduct if either

the criminal offense for which a consecutive sentence is contemplated was not merely an incidental violation of a separate statutory provision in the course of the commission of a more serious crime but rather was an indication of defendant's willingness to commit more than one criminal offense;

ORS 137.123(5)(a), or

[t]he criminal offense for which a consecutive sentence is contemplated caused or created a risk of causing greater or qualitatively different loss, injury or harm to the victim or caused or created a risk of causing loss, injury or harm to a different victim than was caused or threatened by the other offense or offenses committed during a continuous and uninterrupted course of conduct.

ORS 137.123(5)(b). Oregon's underlying concept matches RCW 9.94A.589(1)(a), which presumes concurrent sentences unless the judge finds exceptional circumstances pursuant to RCW 9.94A.535.[6]

---

[5] ORS 137.123(1) provides:

A sentence imposed by the court may be made concurrent or consecutive to any other sentence which has been previously imposed or is simultaneously imposed upon the same defendant. The court may provide for consecutive sentences only in accordance with the provisions of this section. A sentence shall be deemed to be a concurrent term unless the judgment expressly provides for consecutive sentences.

[6] Former RCW 9.94A.535(2)(i) (2003) allowed a court to impose consecutive sentences if the court found that the "operation of the multiple offense policy of RCW 9.94A.589 results in a presumptive sentence that is clearly too lenient in light of the purpose of this chapter . . . ."

¶14 *Ice* held that under *Blakely* and *Apprendi*, a sentencing judge does not run afoul of the Sixth Amendment by finding facts necessary to impose consecutive, rather than concurrent, sentences for discrete crimes. *Ice*, 129 S. Ct. at 717. The Court was persuaded by historical considerations and states' administration of their own criminal justice systems. The Court held:

> These twin considerations—historical practice and respect for state sovereignty—counsel against extending *Apprendi*'s rule to the imposition of sentences for discrete crimes. The decision to impose sentences consecutively is not within the jury function that "extends down centuries into the common law." *Apprendi*, 530 U.S., at 477, 120 S. Ct. 2348. Instead, specification of the regime for administering multiple sentences has long been considered the prerogative of state legislatures.

*Id*. Furthermore, the Court held that "legislative reforms regarding the imposition of multiple sentences do not implicate the core concerns that prompted our decision in *Apprendi*." *Id*. at 718. "There is no encroachment here by the judge upon facts historically found by the jury, nor any threat to the jury's domain as a bulwark at trial between the State and the accused." *Id*.

¶15 In *VanDelft* we applied *Apprendi* and *Blakely* to find that the Sixth Amendment requires a jury, not a judge, to find facts to support consecutive sentences. *Ice* applied *Apprendi* and *Blakely* as well, but arrived at the opposite conclusion. Under *Ice*, a sentencing judge, not a jury, may find facts to support consecutive sentences. *Ice* squarely overrules *VanDelft*.[7] Accordingly, under *Ice* the trial judge

---

[7] We are bound by the United States Supreme Court's interpretation of federal constitutional law. *State v. Radcliffe*, 164 Wn.2d 900, 906, 194 P.3d 250 (2008) ("When the United States Supreme Court decides an issue under the United States Constitution, all other courts must follow that Court's rulings."); *Tricon, Inc. v. King County*, 60 Wn.2d 392, 394, 374 P.2d 174 (1962) (When the issue "involves the interpretation and application of the federal constitution[,] we are bound to follow the decisions of the Supreme Court of the United States, which have passed on this issue.").

did not err by imposing exceptional consecutive sentences for Vance's crimes.[8]

## CONCLUSION

¶16 Pursuant to *Ice*, the trial court did not violate Vance's constitutional rights by imposing exceptional consecutive sentences.[9] On this record we must reverse the Court of Appeals to reinstate Vance's sentence.

MADSEN, C.J., and C. JOHNSON, ALEXANDER, CHAMBERS, OWENS, FAIRHURST, J.M. JOHNSON, and STEPHENS, JJ., concur.

[No. 82089-9.   En Banc.]
Argued January 21, 2010.      Decided May 6, 2010.

---

[8] Vance makes no separate argument for relief under independent state grounds.

[9] Because the trial court did not err in applying exceptional consecutive sentences, the other issues Vance raises are moot: (1) harmless error cannot apply if there is no error. Similarly, (2) whether the State is barred from seeking an exceptional sentence due to its failure to give notice and (3) whether the Sentencing Reform Act of 1981, chapter 9.94A RCW, amendments apply to his case are moot because remand is inappropriate.