231 P.3d 1266 (2010)
STATE of Washington, Respondent,
v.
John Kevin McNEAL, Petitioner.
No. 38014-5-II.
Court of Appeals of Washington, Division 2.
May 25, 2010.
*1267 Peter B. Tiller, The Tiller Law Firm, Centralia, WA, for Petitioner.
Lori Ellen Smith, Lewis Co. Prosecuting Atty. Office, Chehalis, WA, for Respondent.
HUNT, J.
¶ 1 In a previous appeal, we remanded to the trial court for resentencing based on Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). We later accepted discretionary review[1] when the sentencing court certified to us the following question: "Whether the [sentencing] Court [on remand] has jurisdiction to impanel a jury pursuant to RCW 9.94A.537(2) for the purpose of considering an aggravating factor not specifically contained in RCW 9.94A.535(3)." CP at 15. Defendant John McNeal argues that if the sentencing court lacked the authority to impanel a jury to find the exceptional sentencing factor, he is entitled to a standard range sentence on remand.[2]
¶ 2 The State concedes that its request to impanel a jury on remand to determine the "free crimes"[3] factor was improvident because there is no statutory authority for such action. Nonetheless, the State argues that McNeal is not entitled to resentencing within the standard range because RCW 9.94A.535(2)(c) authorizes the sentencing court to consider the "free crimes" factor without a jury finding. Agreeing with the State, we remand for resentencing with instructions that the trial court may consider the "free crimes" factor without impaneling a jury and it need not consider only a standard range sentence.

*1268 FACTS

I. Conviction and Original Sentence
¶ 3 In 1997, a jury convicted John Kevin McNeal of vehicular homicide, vehicular assault, and possession of a controlled substance with intent to deliver.[4]State v. McNeal, 142 Wash.App. 777, 780 n. 1, 175 P.3d 1139 (2008) (McNeal II); State v. McNeal, 98 Wash.App. 585, 590, 991 P.2d 649 (1999) (McNeal I), aff'd in part, 145 Wash.2d 352, 37 P.3d 280 (2002). The trial court imposed two exceptional sentencesan above-range sentence on the possession with intent to deliver conviction and consecutive sentences for all three convictions. The trial court
gave two reasons for the exceptional sentences: (1) the standard sentence would be clearly too lenient because the multiple offense policy would result in two offenses essentially going unpunished, citing State v. Stephens, 116 Wash.2d 238, 243, 803 P.2d 319 (1991)[[5]] (apparently justifying the consecutive sentences); and (2) McNeal's extensive criminal history indicates his failure to take advantage of opportunities to "improve himself," (apparently justifying the exceptional sentence of the conviction for possession with intent to deliver).
McNeal I, 98 Wash.App. at 598, 991 P.2d 649.[6]

II. First Appeal (McNeal I)
¶ 4 McNeal appealed his vehicular assault and vehicular homicide convictions and the exceptional sentences; we affirmed. McNeal I, 98 Wash.App. at 600, 991 P.2d 649. Our Supreme Court then affirmed the convictions but did not reach any sentencing issues, leaving *1269 McNeal's exceptional sentences intact. State v. McNeal, 145 Wash.2d 352, 37 P.3d 280 (2002). McNeal's first direct appeal mandated on January 30, 2002. See McNeal II, 142 Wash.App. at 783, 175 P.3d 1139.

III. Blakely

¶ 5 On June 24, 2004, the United States Supreme Court issued Blakely, holding that Washington's sentencing procedures, which permitted the trial court to enhance a defendant's sentence based on information the State had not proved to a jury beyond a reasonable doubt, violated a defendant's Sixth Amendment right to a jury trial. 542 U.S. at 305, 124 S.Ct. 2531. Blakely clarified that the relevant "statutory maximum" was "the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant," "not the maximum sentence a judge may impose after finding additional facts." 542 U.S. at 303-04, 124 S.Ct. 2531 (emphasis omitted; citations omitted).

IV. Personal Restraint Petition
¶ 6 McNeal next filed a personal restraint petition (PRP).[7]See McNeal II, 142 Wash. App. at 783, 175 P.3d 1139. In a supplement to his petition, he challenged the length of his sentence, arguing that it exceeded the statutory maximum.[8]See McNeal II, 142 Wash. App. at 783, 175 P.3d 1139. We granted relief on the original petition,[9] holding that McNeal's sentence on the drug offense combined with his term of community custody exceeded the statutory maximum for that offense. See McNeal II, 142 Wash.App. at 783-84, 175 P.3d 1139. "Thus, we `vacated' and remanded McNeal's sentence for his drug convictions; we left his sentences for the other counts intact." McNeal II, 142 Wash.App. at 784, 175 P.3d 1139.
¶ 7 On remand, the sentencing court determined that McNeal's case had been final before the Supreme Court issued Blakely and, therefore, Blakely neither applied nor required impaneling a jury to consider the exceptional sentence factors. See McNeal II, 142 Wash.App. at 784, 175 P.3d 1139. "The [resentencing] court also adopted the previous court's findings of fact and conclusions of law supporting the exceptional sentences, which it reimposed, including running the sentences consecutively." McNeal II, 142 Wash.App. at 785, 175 P.3d 1139 (footnote omitted).

V. Second Appeal (McNeal II)
¶ 8 McNeal again appealed, this time arguing that the second sentencing court erred when it ruled that Blakely did not apply to his resentencing on remand. McNeal II, 142 Wash.App. at 781, 175 P.3d 1139. Relying on the finality interpretation in In re Pers. Restraint of Skylstad, 160 Wash.2d 944, 949-50, 162 P.3d 413 (2007), the State agreed that the trial court's failure to apply Blakely on remand was error. McNeal II, 142 Wash. App. at 786-87, 175 P.3d 1139. Accepting the State's concession, McNeal II, 142 Wash. App. at 786-87, 175 P.3d 1139, the majority of the panel held:
In In re Personal Restraint of VanDelft, our Supreme Court held that a jury, rather than the sentencing court, must find the exceptional sentencing factors supporting the imposition of consecutive sentences under RCW 9.94A.589(1)(a). 158 Wash.2d 731, 743-44, 147 P.3d 573 (2006), cert. denied, [550 U.S. 980, 127 S.Ct. 2876, 167 L.Ed.2d 1172] (2007).[[10]] Additionally, under *1270 State v. Ose, 156 Wash.2d 140, 149, 124 P.3d 635 (2005), and State v. Hughes, 154 Wash.2d 118, 133-37, 110 P.3d 192 (2005), overruled on other grounds by Washington v. Recuenco, 548 U.S. 212, 126 S.Ct. 2546, 165 L.Ed.2d 466 (2006), a jury must find facts supporting an exceptional sentence beyond the standard range. On remand, a specially-empanelled jury can consider such facts, including those the trial court used to justify the exceptional sentence for McNeal's current drug offense.
Because Blakely applied to McNeal's resentencing proceedings, we hold that the trial court erred when it, rather than a jury, made the factual determinations required to impose the exceptional sentences. Accordingly, we again vacate McNeal's sentences and remand for resentencing.
McNeal II, 142 Wash.App. at 788-89, 175 P.3d 1139 (footnotes omitted). We also held that RCW 9.94A.537(2) authorized the trial court to impanel a jury on resentencing to determine any aggravating factors under the 2007 version of RCW 9.94A.537.[11]McNeal II, 142 Wash.App. at 792, 794, 175 P.3d 1139.[12]

VI. Remand for Resentencing; Jury Impaneled
¶ 9 On remand, the State notified the sentencing court and McNeal that it intended to seek exceptional sentences based on numerous exceptional sentencing factors.[13] Later, the State abandoned most of these factors and relied instead on only onethat McNeal had committed multiple current offenses and his current high offender score would result in some current offenses going unpunished if McNeal were sentenced within the standard range, the exceptional sentencing factor listed in RCW 9.94A.535(2)(c).
¶ 10 Initially, the State had moved for a sentencing hearing at which the court, rather than a jury, would determine the sole remaining exceptional factor. Later, however, the State asked the sentencing court to impanel a jury to consider this exceptional sentencing factor, based on our remand direction to the sentencing court, which the State interpreted as requiring that a jury determine any exceptional sentencing factor.[14] McNeal objected, arguing that (1) the State could not pursue an exceptional sentence because it *1271 had failed to provide the required RCW 9.94A.537(1) pre-trial notice; and (2) RCW 9.94A.535(2), which lists the exceptional sentencing factors the sentencing court may determine on its own, without a jury, did not authorize the sentencing court to impanel a jury to consider the remaining "free crimes" factor, which was not listed in RCW 9.94A.535(3), the statutory section enumerating the aggravating factors that require a jury determination.
¶ 11 Rejecting McNeal's arguments, the resentencing court granted the State's request, stayed the sentencing, and certified its order to us[15] to consider "whether the Court has jurisdiction to impanel a jury pursuant to RCW 9.94A.537(2) for the purpose of considering an aggravating factor not specifically contained in RCW 9.94A.535(3)." CP at 15. McNeal sought discretionary review, which our court commissioner granted.[16]

ANALYSIS

I. Authority to Impanel Jury
¶ 12 McNeal argues that the resentencing court erred when it granted the State's motion to impanel a jury to consider an aggravating factor enumerated in RCW 9.94A.535(2) and, therefore, we should vacate the order allowing the State to impanel a jury and remand for resentencing within the standard range.[17] The State concedes that the sentencing court lacked authority to impanel a jury to consider the sole remaining RCW 9.94A.535(2) aggravating factor. But the State also argues that the resentencing court can consider the alleged aggravating factor on its own, without requiring a jury determination, under RCW 9.94A.537(2).
¶ 13 McNeal and the State are correct that there is no authority allowing the resentencing court to impanel a jury to consider the "free crimes" aggravating factor. But McNeal's proposed remedy that we remand for resentencing within the standard range is not correct. We agree with the State that RCW 9.94A.537(2) does not prohibit the resentencing court from considering the sole remaining "free crimes" aggravating factor without a jury and that the resentencing court can impose an exceptional sentence based on such a factor.

A. Authority
¶ 14 Our Supreme Court has held that trial courts do not have inherent authority to impanel a jury to determine exceptional sentencing factors. State v. Pillatos, 159 Wash.2d 459, 470, 150 P.3d 1130 (2007); Hughes, 154 Wash.2d at 151-52, 110 P.3d 192. Thus, McNeal is correct that unless a statute gives the sentencing court authority to impanel a jury, it cannot do so here. Here, however, there is such a statute.
*1272 ¶ 15 RCW 9.94A.537(2), which the legislature enacted in 2007 in response to the Supreme Court's decision in Pillatos, provides:
In any case where an exceptional sentence above the standard range was imposed and where a new sentencing hearing is required, the superior court may impanel a jury to consider any alleged aggravating circumstances listed in RCW 9.94A.535(3), that were relied upon by the superior court in imposing the previous sentence, at the new sentencing hearing.
(Emphasis added). Whether RCW 9.94A.537(2) precludes a resentencing court from impaneling a jury on remand, when the State alleges an aggravating factor under only RCW 9.94A.535(2), rather than RCW 9.94A.535(3), is a question of statutory interpretation.[18]
¶ 16 The plain language of RCW 9.94A.537(2), quoted above, authorizes a resentencing court to impanel a jury only when the alleged aggravating circumstance is listed in RCW 9.94A.535(3).[19] In contrast, RCW 9.94A.537(2) does not expressly authorize the sentencing court to impanel a jury in other circumstances, such as those here, where the sole aggravating factor falls under RCW 9.94A.535(2),[20] rather than RCW 9.94A.535(3).
¶ 17 The State contended below that arguably discretionary language in RCW 9.94A.535(2), namely use of the word "may" to describe the court's authority to determine certain aggravating factors on its own, gave the resentencing court alternative discretion to impanel a jury to decide an aggravating factor listed in this subsection. We *1273 disagree. RCW 9.94A.535(2)'s provision that a resentencing court, rather than a jury, "may" make certain findings does not also allow the resentencing court to impanel a jury to consider this subsection's aggravating sentencing factors, which the legislature has expressly delegated to the court to decide without a jury.
¶ 18 Agreeing with the State's argument on this point on appeal, we accept its concession of error in having requested the impaneling of a jury to determine a RCW 9.94A.535(2) aggravating factor on remand for resentencing. Accordingly, we vacate the resentencing court's order granting the State's request for a jury trial on the alleged aggravating factor. We now address the remedy on remand for McNeal's next resentencing.

B. Remedy
¶ 19 Citing State v. Vance, 142 Wash. App. 398, 174 P.3d 697 (2008), rev'd on other grounds, 168 Wash.2d 754, 230 P.3d 1055 (2010), McNeal argues that if the resentencing court lacked authority to impanel a jury to determine the "free crimes" aggravating factor, he is entitled to a standard range sentence on remand. The State counters that the resentencing court can consider this factor on remand without a jury. We agree with the State.
¶ 20 In Vance, the aggravating factor involved a factual findingwhether a non-exceptional sentence resulted in punishment that was "clearly too lenient"which, at that time, a jury was required to determine under VanDelft, 158 Wash.2d at 734, 147 P.3d 573. Vance, 142 Wash.App. at 401-02, 174 P.3d 697.[21] Division One of our court remanded for resentencing within the standard range because there was no then-existing procedure for impaneling a jury to consider the "clearly too lenient" factor: This factor was not listed in RCW 9.94A.535(3), which provided "`an exclusive list' of the factors a jury may consider in deciding whether to impose a sentence above the standard range." Vance, 142 Wash.App. at 407, 174 P.3d 697 (emphasis omitted).
¶ 21 Unlike in Vance, here, the exceptional sentencing factor the State alleges does not involve any factual finding that a jury must make under RCW 9.94A.535(3). Furthermore, the legislature has crafted a procedure for the sentencing court to consider particular enumerated exceptional sentencing factors, including the "free crimes" factor alleged here. See RCW 9.94A.535(2)(c). Accordingly, Vance does not apply.
¶ 22 RCW 9.94A.535(2)(c) and, now, Vance, ___ Wash.2d at ___, 230 P.3d 1055, authorize the resentencing court to determine the "free crimes" exceptional sentencing factor. Therefore, we remand to the resentencing court to consider this factor and, if it finds this factor, to consider imposing consecutive sentences, a type of exceptional sentence under RCW 9.94A.589(1)(a).[22]

II. Notice
¶ 23 McNeal next argues that the State cannot pursue an exceptional sentence on remand because of lack of pre-trial notice. He asserts that such notice was required under RCW 9.94A.537(1) and under the state and federal constitutions. This argument fails.
¶ 24 At the outset, we note that although McNeal raised this notice issue below and in *1274 his motion for discretionary review, the sentencing court did not certify this question to us. Thus, our commissioner did not address this issue in granting review, and we could decline to address this notice issue as outside the scope of discretionary review. Nevertheless, because this issue could arise again and the parties have addressed it fully in their briefs, we address it now in an effort to avoid an unnecessary additional interlocutory appeal.
¶ 25 A six-member majority of the Washington Supreme Court recently rejected the essence of McNeal's notice argument in State v. Powell, 167 Wash.2d 672, 223 P.3d 493 (2009). Powell, who was procedurally situated similarly to McNeal, challenged the sentencing court's authority to impanel a jury to consider factors that supported an exceptional sentence, arguing, inter alia, that the State had failed to give notice of its intent to seek an exceptional sentence before his pre-Blakely retrial. Powell, 167 Wash.2d at 676, 223 P.3d 493. In an unpublished opinion, we had affirmed Powell's conviction and sentence before the United States Supreme Court issued Blakely. See Powell, 167 Wash.2d at 676-77, 223 P.3d 493.
¶ 26 In a post-Blakely personal restraint petition, Powell successfully challenged his exceptional sentence; again, in an unpublished order, we remanded for resentencing. See Powell, 167 Wash.2d at 677, 223 P.3d 493. On remand, the State notified Powell that it intended to seek an exceptional sentence based on factors enumerated in RCW 9.94A.535(3); Powell objected based on lack of notice.[23]Powell, 167 Wash.2d at 677, 223 P.3d 493. The Washington Supreme Court rejected Powell's notice arguments, holding that (1) RCW 9.94A.537(1)'s notice requirements did not apply to post-Blakely cases remanded solely for resentencing, to which RCW 9.94A.537(2) applied; and (2) pretrial notice of intent to seek an exceptional sentence was not required under the state or federal constitutions when the matter was remanded solely for resentencing.[24]Powell, 167 Wash.2d at 679-80, 223 P.3d 493. Under Powell, pre-trial notice of the State's intent to seek exceptional consecutive sentences on remand for resentencing was not required.
¶ 27 We vacate the resentencing court's ruling granting the State's motion to impanel a jury to consider the sole remaining "free crimes" exceptional sentencing factor, and we remand for resentencing at which the court may determine this exceptional sentencing factor and decide whether to impose an exceptional sentence under RCW 9.94A.535(2).
We concur: HOUGHTON, J.P.T., and QUINN-BRINTNALL, J.
NOTES
[1] RAP 2.3(b)(4).
[2] In addition to the certified question, McNeal argues that the State cannot pursue the alleged exceptional sentencing factor because it failed to provide statutory and/or constitutional notice. Our Supreme Court recently rejected these identical notice arguments in State v. Powell, 167 Wash.2d 672, 223 P.3d 493 (2009). See part II of our Analysis, infra.
[3] RCW 9.94A.535(2)(c). This exceptional sentencing factor is sometimes called the "free crimes" factor. See State v. Alvarado, 164 Wash.2d 556, 564, 192 P.3d 345 (2008).
[4] McNeal committed these crimes on July 5, 1996. State v. McNeal, 98 Wash.App. 585, 588, 991 P.2d 649 (1999) (McNeal I), aff'd in part, 145 Wash.2d 352, 37 P.3d 280 (2002).
[5] Stephens was a pre-Blakely case addressing an earlier, then existing "free crimes" factor, based on a high offender score and multiple current offenses; unlike the current statute, this statute required a "clearly too lenient" finding. Stephens, 116 Wash.2d at 243-45, 803 P.2d 319; see Blakely, 542 U.S. at 296, 124 S.Ct. 2531. But Stephens did not comment on whether the judge or a jury should find this "free crimes" factor because at that time, 1991, the trial court had the apparent authority to do so and it was not an issue. Blakely and State v. Hughes, 154 Wash.2d 118, 133-37, 110 P.3d 192 (2005), overruled on other grounds by Washington v. Recuenco, 548 U.S. 212, 126 S.Ct. 2546, 165 L.Ed.2d 466 (2006), later suggested that a jury must make this "clearly too lenient" finding, impliedly overruling Stephens. But recently our Supreme Court has held that, under Oregon v. Ice, ___ U.S. ___, 129 S.Ct. 711, 172 L.Ed.2d 517 (2009), the trial court may determine the "free crimes" factor without submitting this factor to the jury. State v. Vance, 168 Wash.2d 754, 230 P.3d 1055 (2010).
[6] The original trial court entered the following findings concerning McNeal's exceptional sentences:

"2.1 There is a basis for an exceptional sentence as to each count, pursuant to [former] RCW 9.94A.390(2)(i) [(1996)], because a presumptive sentence would, by operation of the multiple offense policy, be clearly too lenient in light of the purpose of the Sentencing Reform Act.
2.2 Pursuant to [Stephens, 116 Wash.2d at 243, 803 P.2d 319], an exceptional sentence is justified as to each count, based on defendant's high offender score coupled with multiple current convictions, which is a basis for an exceptional sentence.
2.3 As to [the vehicular assault and vehicular homicide], the defendant's high offender score combined with multiple current offenses is such that a standard sentence would result in crimes for which there is no additional penalty, which is a basis for an exceptional sentence, pursuant to State v. Stephens, supra.
2.4 The defendant's criminal history includes three prior drug offenses, as defined by [former] 9.94A.030(18) [(1995)], and 4 other [drug related] convictions. The number of these, combined with the time framei.e., 6 controlled substance felony convictions (4 possession and 2 "drug offenses" in less than 6 years)and the defendant's prior felony history clearly demonstrate a basis for an exceptional sentence on Count III. This is based upon the purposes set forth in 9.94A.010. Specifically, an exceptional sentence is appropriate on Count III in order to ensure that the punishment for a criminal offense is proportionate to the seriousness of the offense and the offender's criminal history; promote respect for the law by providing punishment which is just; and protect the public."
McNeal II, 142 Wash.App. at 788 n. 16, 175 P.3d 1139 (quoting CP at 125-26).
[7] Our order on McNeal's PRP was not published. We glean these facts from McNeal II, which refers to his PRP.
[8] McNeal also raised other issues not relevant here. See McNeal II, 142 Wash.App. at 783, 175 P.3d 1139.
[9] Because we were remanding for resentencing, we did not consider McNeal's supplemental briefing. See McNeal II, 142 Wash.App. at 784, 175 P.3d 1139. We did, however, note that McNeal could raise these supplemental issues in the resentencing court on remand. See McNeal II, 142 Wash.App. at 784, 175 P.3d 1139.
[10] Our Supreme Court recently reversed this aspect of VanDelft in Vance, ___ Wash.2d at ___, 230 P.3d 1055 (citing Ice, 129 S.Ct. at 717).
[11] The legislature has not amended this statute since 2007.
[12] More specifically, we stated, "On remand, the sentencing court may impanel a jury, under the current version of RCW 9.94A.537, to make the factual determinations required for imposing any exceptional sentences." McNeal II, 142 Wash. App. at 795-96, 175 P.3d 1139 (emphasis added).
[13] On remand, the State filed a notice of intent to seek an exceptional sentence and to have a jury consider the following factors:

D. 1. RCW 9.94A.537(3) by operation of the multiple offense policy, the standard range sentence is clearly too lenient in light of the purpose of the Sentencing Reform Act.
2. An exceptional sentence above the standard range is justified as to each count, based on the defendant's high offender score coupled with multiple current convictions, which is a basis for an exceptional sentence.
3. The defendant's criminal history includes three prior drug offenses, and four other [drug related] convictions. The number of these, combined with the time framei.e., six controlled substance felony convictions (four possession and two "drug offenses" in less than six years)and the defendant's prior felony history clearly demonstrates a basis for an exceptional sentence on [the drug offense]. Specifically, an exceptional sentence is appropriate on [the drug offense] in order to ensure that the punishment for the criminal offense is proportionate to the seriousness of the offense and the offender's criminal history, promote respect for the law by providing punishment which is just; and protect the public.
4. As to [vehicular homicide and vehicular assault], the defendant's high offender score, combined with multiple current offenses, is such that a standard sentence would result in crimes for which there is no additional penalty, which is the basis for an exceptional sentence, pursuant to [Stephens] and RCW 9.94A.535(2)(c).
CP at 73-74.
[14] The State argued that the discretionary "may" in RCW 9.94A.535(2) meant that the sentencing court had discretion to consider these enumerated factors, which the court could consider without a jury. The State further argued that this discretionary language did not, however, preclude the sentencing court from choosing to impanel a jury under RCW 9.94A.537 to determine a RCW 9.94A.535(2) factor.

The State asserted that reading the statute not to permit jury consideration of RCW 9.94A.535(2) factors could lead to two aggravating factor "trials" when the State alleged multiple aggravating factors under both subsections (2) and (3): one in which the sentencing court would determine the subsection (2) aggravating factors and another in which the jury would determine the other subsection (3) aggravating factors. Such duplication, the State argued, would be an absurd result. CP at 27.
[15] RAP 2.3(b)(4).
[16] In granting discretionary review, our court commissioner noted State v. Vance, 142 Wash. App. 398, 174 P.3d 697 (2008), rev'd on other grounds, 168 Wash.2d 754, 230 P.3d 1055 (2010) (reversing VanDelft and holding that the trial court may determine whether to run sentences concurrently or consecutively without a jury finding regardless of whether this determination involved a "clearly too lenient" finding, but not addressing the statutory authority of the trial court to make this finding under State law). Our court commissioner also noted that the Court of Appeals decision in Vance was not dispositive because it involved an aggravating factor not listed in RCW 9.94A.535 at all. In contrast, McNeal's case involves a factor listed in subsection (2) of this statute, expressly the court's domain, rather than subsection (3), expressly the jury's domain.
[17] In his issue statement, McNeal asserts that the resentencing court's actions resulted in an unconstitutional exceptional sentence. But the resentencing court stayed sentencing; thus, McNeal has not yet been subjected to any resentencing, let alone an exceptional or an unconstitutional sentence. The only issues before us are whether the trial court properly determined that it could impanel a jury for sentencing and, if not, what is the proper remedy.
[18] Our Supreme Court recently reiterated the applicable standard of review:

We review issues of statutory interpretation de novo. Tingey v. Haisch, 159 Wash.2d 652, 657, 152 P.3d 1020 (2007). Our purpose when interpreting a statute is to determine and enforce the intent of the legislature. City of Spokane v. Spokane County, 158 Wash.2d 661, 673, 146 P.3d 893 (2006). Where the meaning of statutory language is plain on its face, we must give effect to that plain meaning as an expression of legislative intent. Id.; see also Koenig v. City of Des Moines, 158 Wash.2d 173, 181, 142 P.3d 162 (2006) (holding that plain language does not require construction). In discerning the plain meaning of a provision, we consider the entire statute in which the provision is found, as well as related statutes or other provisions in the same act that disclose legislative intent. City of Spokane, 158 Wash.2d at 673, 146 P.3d 893; see also Skamania County v. Columbia River Gorge Comm'n, 144 Wash.2d 30, 45, 26 P.3d 241 (2001). Commonsense informs our analysis, as we avoid absurd results in statutory interpretation. Tingey, 159 Wash.2d at 664, 152 P.3d 1020.
Alvarado, 164 Wash.2d at 561-62, 192 P.3d 345.
[19] RCW 9.94A.535(3) sets forth many aggravating factors that a jury must decide; it provides in part:

Aggravating CircumstancesConsidered by a JuryImposed by the Court
Except for circumstances listed in subsection (2) of this section, the following circumstances are an exclusive list of factors that can support a sentence above the standard range. Such facts should be determined by procedures specified in RCW 9.94A.537.
(Emphasis added). The legislature amended RCW 9.94A.535 twice in 2010; those amendments did not affect subsection (3). Laws of 2010, ch. 9 § 4; Laws of 2010, ch. 227 § 10.
[20] RCW 9.94A.535(2) sets forth the exceptional sentencing factors that a court "may" decide without a jury, including subsection (c), which describes the aggravating factor for the resentencing court to determine on remand here:

Aggravating CircumstancesConsidered and Imposed by the Court
The trial court may impose an aggravated exceptional sentence without a finding of fact by a jury under the following circumstances:
(a) The defendant and the state both stipulate that justice is best served by the imposition of an exceptional sentence outside the standard range, and the court finds the exceptional sentence to be consistent with and in furtherance of the interests of justice and the purposes of the sentencing reform act.
(b) The defendant's prior unscored misdemeanor or prior unscored foreign criminal history results in a presumptive sentence that is clearly too lenient in light of the purpose of this chapter, as expressed in RCW 9.94A.010.
(c) The defendant has committed multiple current offenses and the defendant's high offender score results in some of the current offenses going unpunished.
(d) The failure to consider the defendant's prior criminal history which was omitted from the offender score calculation pursuant to RCW 9.94A.525 results in a presumptive sentence that is clearly too lenient.
(Emphasis added.)
[21] As we note above, our Supreme Court recently reversed Vance, holding that Ice overruled VanDelft's holding that the jury must make the "clearly too lenient" finding that was previously required for the trial court to impose consecutive sentences. Vance, ___ Wash.2d at ___, 230 P.3d 1055. Although this holding makes the statutory analysis in Vance moot, the Supreme Court does not address the trial court's authority to make the factual determination under State law. Vance, ___ Wash.2d at ___ n. 8, 230 P.3d 1055.
[22] RCW 9.94A.589(1)(a) provides that a court may impose consecutive sentences as an exceptional sentence only under RCW 9.94A.535. Thus, even though the State appears to be seeking only consecutive sentences in connection with the "free crimes" exceptional sentencing factor, it must still comply with RCW 9.94A.535's requirements.
[23] Powell also argued that the recently amended RCW 9.94A.537 was not retroactive. Powell, 167 Wash.2d at 677, 223 P.3d 493. Retroactivity is not at issue in McNeal's appeal.
[24] Six members of the court ultimately agreed that there was no constitutional notice violation: Four members (CJ Alexander and JJ Fairhurst, Madsen, and Johnson, J.), on one basis, Powell, 167 Wash.2d at 679-80, 223 P.3d 493, and two members (JJ Stephens and Johnson, C.), on another basis. Powell, 167 Wash.2d at 690-91, 223 P.3d 493 (Stephens, J., concurring). Regardless of the justices' divergent rationales, the ultimate result was that six members agreed that there was no constitutional notice violation.