# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 58050-1-II |
| Respondent, | |
| v. | PUBLISHED OPINION |
| MARCUS ADRIAN ELLER, | |
| Appellant. | |

MAXA, J. – Marcus Eller appeals his exceptional sentence imposed under RCW 9.94A.535(2)(d) following his felony conviction of driving under the influence (DUI). He also appeals the inclusion of a forfeiture provision in his judgment and sentence and raises additional claims in a statement of additional grounds (SAG).

RCW 9.94A.535(2)(d) permits the trial court to impose an exceptional sentence when "[t]he failure to consider the defendant's prior criminal history which was omitted from the offender score calculation pursuant to RCW 9.94A.525 results in a presumptive sentence that *is clearly too lenient*." (Emphasis added). Eller argues that the trial court violated his right to a jury trial under the Sixth Amendment to the United States Constitution by imposing the exceptional sentence without a jury first finding that a standard range sentence would be clearly too lenient in light of his 19 point offender score and numerous unscored misdemeanor offenses.

No. 58050-1-II

We hold that (1) whether a standard range sentence would be clearly too lenient must be determined by a jury rather than by the trial court, and the trial court's imposition of the exceptional sentence based on RCW 9.94A.535(2)(d) without such a jury finding violated the Sixth Amendment as applied to Eller; (2) as the State concedes, the forfeiture provision in the judgment and sentence was a scrivener's error and should be stricken; and (3) Eller's SAG claims either rely on evidence that is outside the appellate record, are too vague to address, or have no merit.

Accordingly, we vacate Eller's exceptional sentence and remand to the trial court for resentencing within the standard range without the forfeiture provision.

FACTS

*Guilty Plea*

In February 2022, Eller pled guilty to one count of felony DUI. In his guilty plea statement, Eller admitted to driving under the influence having previously been convicted of DUI at least three times within the prior 10 years.

The criminal history in the plea agreement listed 38 offenses, including 10 prior felony offenses and nine prior DUI convictions. The plea agreement stated that Eller's offender score was 19 and that the standard sentencing range for the felony DUI conviction was 63 to 84 months. The plea agreement also stated that the statutory maximum for the offense was 10 years.

In the plea agreement, the State agreed to request an 84 month term of confinement and 12 month term of community custody. Eller was permitted to argue for any standard range sentence. Eller did not stipulate to an exceptional sentence, admit that a factual basis for an

2

exceptional sentence existed, or waive his right to have any facts supporting an exceptional sentence determined by a jury.

The trial court accepted Eller's guilty plea.

*Sentencing*

At the sentencing hearing, the State requested an 84 month sentence. The State argued that a sentence at the top of the standard range was appropriate in light of Eller's high offender score of 19 points and his numerous unscored misdemeanors. Eller requested a sentence at the low end of the standard range.

The trial court imposed an exceptional 120 month sentence, the statutory maximum for the offense. The court stated, "I'm imposing an exceptional sentence upwards finding that the defendant's offender score essentially exceeds the standard calculation, and that for those reasons, an exceptional sentence is warranted." Rep. of Proc. at 171.

After considering additional briefing and the parties' arguments, the trial court entered written findings of fact and conclusions of law supporting the exceptional sentence. The court found that Eller's offender score exceeded the highest offender score considered in the Sentencing Reform Act of 1981 (SRA), chapter 9.94A RCW, by 10 points and that a standard range sentence would ignore a significant portion of Eller's criminal history.

The trial court also entered the following finding of fact:

This Court finds that the failure to consider the defendant's prior criminal history which was omitted from the offender score calculation pursuant to RCW 9.94A.525, results in a presumptive sentence that is clearly too lenient in light of the purpose of the [SRA], as expressed in RCW 9.94A.010.

Clerk's Papers (CP) at 71.

The trial court entered a conclusion of law that there were "substantial and compelling reasons to impose an exceptional sentence of 120 months." CP at 71. The court concluded "[t]hat the exceptional sentence is justified by the aggravating circumstances described in the above Findings of Fact and RCW 9.94A.535(2)(d)." CP at 72. The court also entered the following conclusion of law:

> That the failure to consider the defendant's prior criminal history which was omitted from the offender score calculation pursuant to RCW 9.94A.525, results in a presumptive sentence that is clearly too lenient in light of the purpose of the [SRA], as expressed in RCW 9 .94A.010.

CP at 72. And the court concluded that it had authority to impose the exceptional sentence without a jury finding.

The judgment and sentence also required Eller to "[f]orfeit all seized property subject to forfeiture under RCW 9.41.098 or RCW 69.50.505 to the originating law enforcement agency unless otherwise noted." CP at 51.

Eller appeals his exceptional sentence and the imposition of the forfeiture provision.

ANALYSIS

A.    EXCEPTIONAL SENTENCE BASED ON RCW 9.94A.535(2)(d)

RCW 9.94A.535(2)(d) permits the sentencing court to impose an exceptional sentence without a finding of fact by a jury based on an aggravating factor that "[t]he failure to consider the defendant's prior criminal history which was omitted from the offender score calculation pursuant to RCW 9.94A.525 results in a presumptive sentence that is clearly too lenient."

Notwithstanding the statutory language permitting the sentencing court to impose an exceptional sentence under these circumstances, Eller argues that the trial court's application of the RCW 9.94A.535(2)(d) aggravating factor to impose an exceptional sentence must be based

4

on a jury finding that the presumptive sentence is clearly too lenient. Therefore, he claims that

RCW 9.94A.535(2)(d) is unconstitutional as applied to him. We agree.

    1.        Legal Principles

Under RCW 9.94A.535, "The court may impose a sentence outside the standard sentence

range for an offense if it finds, considering the purpose of this chapter, that there are substantial

and compelling reasons justifying an exceptional sentence." RCW 9.94A.535(2) lists

aggravating circumstances under which a court can impose an exceptional sentence without a

finding of fact by the jury.

RCW 9.94A.535(2) provides in part,

> The trial court may impose an aggravated exceptional sentence *without a finding of fact by a jury* under the following circumstances:
> . . . .
>
> (b) The defendant's prior unscored misdemeanor or prior unscored foreign criminal history results in a presumptive sentence that is *clearly too lenient* in light of the purpose of this chapter, as expressed in RCW 9.94A.010.
> . . . .
>
> (d) The failure to consider the defendant's prior criminal history which was omitted from the offender score calculation pursuant to RCW 9.94A.525 results in a presumptive sentence that is *clearly too lenient*.

(Emphasis added).

However, the law is clear that any fact that increases the penalty for a crime beyond the

prescribed statutory maximum, other than the fact of a prior conviction, must be submitted to a

jury and proved beyond a reasonable doubt. *State v. Alvarado*, 164 Wn.2d 556, 563, 192 P.3d

345 (2008); *see also Blakely v, Washington*, 542 U.S. 296, 301, 124 S. Ct. 2531, 159 L. Ed. 2d

403 (2004); *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435

(2000). This rule is based on the Sixth Amendment right to trial by jury. *Alvarado*, 164 Wn.2d

at 563.  Whether an exceptional sentence violates the Sixth Amendment is a question of law that we review de novo.  *Id.*

      2.      Requirement of Jury Finding

Here, the trial court imposed the exceptional sentence under RCW 9.94A.535(2)(d) without a jury finding that the presumptive sentence was clearly too lenient.[1]  Eller argues that the court could not impose an exceptional sentence under RCW 9.94A.535(2)(d) because whether the presumptive sentence is clearly too lenient is a question for the jury.  He recognizes that RCW 9.94A.535(2)(d) gives the court the authority to impose an exceptional sentence based on an omitted criminal history, but he argues that this statute is unconstitutional as applied to him.

In *State v. Hughes*, the Supreme Court addressed a trial court's imposition of an exceptional sentence based in part on the court's "clearly too lenient" finding under former RCW 9.94A.535(2)(i) (2003).  154 Wn.2d 118, 127-28, 137, 110 P.3d 192 (2005), *overruled in part on other grounds by Washington v. Recuenco*, 548 U.S. 212, 126 S. Ct. 2546, 165 L. Ed. 2d 466 (2006).  That statute allowed the court to impose an exceptional sentence without a jury finding if "[t]he operation of the multiple offense policy of RCW 9.94A.589 results in a presumptive sentence that is *clearly too lenient* in light of the purpose of this chapter, as expressed in RCW 9.94A.010."  Former RCW 9.94A.535(2)(i) (emphasis added).  The Supreme Court held that a clearly too lenient finding required to impose an exceptional sentence under former RCW

---

[1] We note that the trial court's imposition of an exceptional sentence without a jury finding complied with the statutory directive in RCW 9.94A.535(2)(d) that the clearly too lenient determination could be made by the court.

9.94A.535(2)(i) was a factual issue that required a jury finding under *Blakely*. *Hughes*, 154 Wn.2d at 137, 140.

In *State v. Saltz*, the trial court imposed an exceptional sentence based in part on a finding that the defendant's unscored misdemeanor offenses made the presumptive sentence clearly too lenient finding under RCW 9.94A.535(2)(b). 137 Wn. App. 576, 579-80, 154 P.3d 282 (2007). Relying on *Hughes*, Division Three of this court held that although the existence of Saltz's misdemeanor history was an objective determination that the court could make, the question of whether a standard range sentence would be clearly too lenient under the circumstances was a factual question that required a jury determination. *Id.* at 581-82. Therefore, the court held that RCW 9.94A.535(2)(b) was unconstitutional as applied to Saltz. *Id.* at 584.

In *Alvarado*, the Supreme Court addressed an exceptional sentence imposed under RCW 9.94A.535(2)(c). 164 Wn.2d at 559. In distinguishing that subsection from subsections referring to "clearly too lenient," the court discussed with approval the holdings in *Hughes* and *Saltz* that the clearly too lenient finding be made by a jury. *Id.* at 565-68. The court stated, " 'The conclusion that allowing a current offense to go unpunished is clearly too lenient is a factual determination that cannot be made by the trial court following Blakely.' " *Id.* at 568 (quoting *Hughes*, 154 Wn.2d at 140).

Although a different subsection of RCW 9.94A.535(2) is at issue here, the analyses in *Hughes* and *Saltz* apply equally to this case. RCW 9.94A.535(2)(d) requires a clearly too lenient finding, the same as former RCW 9.94A.535(2)(i) applied in *Hughes* and RCW 9.94A.535(2)(b) applied in *Saltz*. Because a clearly too lenient finding was required to be made by a jury in

*Hughes* and *Saltz*, we hold that the clearly too lenient finding is required to be made by a jury under RCW 9.94A.535(2)(d).

The State makes three arguments to the contrary, which we conclude are not persuasive. First, the State contends that RCW 9.94A.535(2)(d)'s plain language permits the trial court to impose an exceptional sentence if it finds that the presumptive sentence is clearly too lenient, and the record supports the trial court's reasons for imposing the exceptional sentence. But the issue here is not what the statute provides, but whether RCW 9.94A.535(2)(d) violates the Sixth Amendment by allowing the trial court to make the clearly too lenient finding.

Second, the State relies on *State v. Clarke*, 156 Wn.2d 880, 134 P.3d 188 (2006). In *Clarke*, the Supreme Court addressed the imposition of an exceptional minimum sentence under former RCW 9.94A.712 (recodified as RCW 9.94A.507), which required trial courts to sentence certain sex offenders to a minimum term and a maximum term equal to the statutory maximum sentence. 156 Wn.2d at 884. The trial court imposed the exceptional minimum sentence under two provisions of former RCW 9.94A.535(2) that contained the clearly too lenient requirements. *Id.*

The Supreme Court concluded that the trial court had not engaged in impermissible fact finding when imposing the exceptional minimum sentence because the relevant statutory maximum that the court may impose without additional findings in this context was the maximum sentence of life, not the standard sentencing range that applied to the minimum sentence. *Id.* at 890-91. The court stated, "[W]e hold that in the context of indeterminate sentencing under [former] RCW 9.94A.712, the Sixth Amendment does not bar judicial fact-finding related to an exceptional minimum sentence when the exceptional sentence does not

exceed the maximum sentence imposed." *Id.* at 893. In other words, the court held that "*Blakely* does not apply to exceptional minimum sentences imposed under RCW 9.94A.712 that do not exceed the maximum sentence imposed." *Id.* at 894.

The court in *Clarke* expressly declined to consider "whether the specific fact-finding performed by the sentencing court violated the Sixth Amendment." *Id.* However, the court noted that "the particular aggravating factors found here may violate the constitution in other contexts." *Id.*

Because *Blakely* was inapplicable, the court's review of the exceptional minimal sentence involved only whether there were substantial and compelling reasons that justified the exceptional minimum sentences. *Id.* at 894-95. The court held that the trial court had not erred when it determined that a standard range minimum sentence would have been clearly too lenient. *Id.* at 894-96.

The State emphasizes that the court in *Clarke* did not find that the trial court erred when the trial court, rather than a jury, made the clearly too lenient finding. The State claims that this fact demonstrates that a clearly too lenient finding can be made by the trial court and that *Saltz* was wrongly decided. But *Clarke* was decided based on the specific facts and legal framework in that case – the imposition of an exceptional minimal sentence under the indeterminate sentencing scheme of former RCW 9.94A.712. *See* 156 Wn.2d at 893. And significantly, the court held that *Blakely* did not apply in this situation. *Id.* at 894. This case does not involve similar facts.

Third, the State relies on *State v. Vance*, 168 Wn.2d 754, 230 P.3d 1055 (2010). In *Vance*, the trial court sentenced the defendant to an exceptional sentence in the form of

consecutive standard range sentences. 168 Wn.2d at 757-58. The court based the exceptional sentence on former RCW 9.94A.535(2)(d)(i), which allowed an exceptional sentence if operation of the multiple offense policy resulted in a presumptive sentence that was clearly too lenient in light of the purpose of the SRA. *Id.* The Supreme Court addressed the question whether the Sixth Amendment "requires that a jury, not a trial judge, make findings of fact to support an exceptional *consecutive* sentence." *Id.* at 759.

The Supreme Court held that under precedent announced in *Oregon v. Ice*, 555 U.S. 160, 129 S. Ct. 711, 172 L. Ed. 2d 517 (2009), "a sentencing judge, not a jury, may find facts to support consecutive sentences." *Vance*, 168 Wn.2d at 762. The rationale supporting this holding was that historically, " '[t]he decision to impose sentences consecutively is not within the jury function.' " *Id.* (quoting *Ice*, 530 U.S. at 168). Therefore, *Apprendi* and *Blakely* are inapplicable to exceptional sentences in the form of consecutive sentences. *Vance*, 168 Wn.2d at 762.

The State emphasizes that the court in *Vance* had no problem with allowing a trial court to make a clearly too lenient finding. But as with *Clarke*, *Vance* was decided based on the specific facts and legal framework in that case – the imposition of an exceptional sentence in the form of consecutive sentences. *See Vance*, 168 Wn.2d at 762. And once again, the court held that *Blakely* did not apply in this situation. *Id.* This case does not involve similar facts.

We hold that the trial court's imposition of an exceptional sentence under RCW 9.94A.535(2)(d) without a jury finding that the presumptive sentence was clearly too lenient violated the Sixth Amendment as applied to Eller. Therefore, we vacate the exceptional sentence and remand for resentencing within the standard range.

B.      FORFEITURE PROVISION

Eller argues, and the State concedes, that the forfeiture provision in his judgment and sentence is a clerical error and is not supported by any statutory authority. We agree.

The forfeiture provision in Eller's judgment and sentence provides, "Forfeit all seized property subject to forfeiture under RCW 9.41.098 or RCW 69.50.505 to the originating law enforcement agency unless otherwise noted." CP at 51. RCW 9.41.098 addresses the forfeiture of firearms. And RCW 69.50.505 authorizes the seizure and forfeiture of controlled substances and real and personal property related to the possession, manufacture, delivery, or distribution of controlled substances. Because Eller's offense does not involve firearms or drugs, the forfeiture provision does not apply and should not have been included in the judgment and sentence. And we note that the forfeiture provision should not be imposed on remand.

C.      SAG CLAIMS

In his SAG, Eller asks this court to "investigate" an alleged improper reading of his breath test results in light of information he has supplied. SAG at 1. Because this claim is based on matters outside the record, we do not consider this claim. *Alvarado*, 164 Wn.2d at 569.

In what appears to be a separate claim, Eller also states "Dismiss felony DUI submit as follows." SAG at 1. This claim is too vague to address. RAP 10.10(c) ("[T]he appellate court will not consider a defendant's [SAG] for review if it does not inform the court of the nature and occurrence of alleged errors.").

Finally, Eller attaches to his SAG a copy of the State's response to his opening brief with a notation in the margin on page 3 in which he seems to question how the trial court determined

11

No. 58050-1-II

that his offender score was 19 when the State mentions only 10 prior offenses. Eller appears to be raising an issue regarding his offender score calculation.

The portion of the State's response that Eller appears to be concerned about is where the State is asserting that 10 of his prior offenses that contributed to his 19 point offender score were not considered at sentencing because the sentencing grid tops out at 9 points. The State did not assert that his offender score was based on these 10 offenses. Eller's 19 point offender score calculation is supported by the offenses emphasized in bold in his judgment and sentence. Accordingly, to the extent Eller is raising this issue, it has no merit.

CONCLUSION

We vacate Eller's exceptional sentence and remand to the trial court for resentencing within the standard range and without the forfeiture provision.

MAXA, J.

We concur:

CRUSER, A.C.J.

LANESE, J.[2]

---

[2] Judge Lanese is serving as a judge pro tempore of the court pursuant to RCW 2.06.150(1).