## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 58306-2-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| OWEN THOMAS BECKEY, | |
| Appellant. | |

MAXA, J. – Owen Beckey appeals his sentence for six felony convictions. The trial court imposed sentences at the top of the standard range plus eight month exceptional sentences for each of these convictions, based in part on the aggravating factor of prior unscored misdemeanors resulting in a presumptive sentence that is "clearly too lenient" under RCW 9.94A.535(2)(b). Two of the convictions – violation of a domestic violence protection order and third degree rape – were for class C felonies, which have a statutory maximum sentence of 60 months. Including the exceptional sentences, the trial court imposed 68 month sentences for those two convictions.

Beckey argues, and the State concedes, that (1) his sentences for two class C felonies exceeded the statutory maximum once the exceptional sentences were imposed, (2) the trial court engaged in impermissible judicial factfinding when imposing exceptional sentences based on the "clearly too lenient" aggravating factor without a jury determination, and (3) the crime victim

penalty assessment (VPA) and community custody supervision fees imposed as legal financial obligations no longer can be imposed under recent statutory amendments.

We accept the State's concessions. Because the record is unclear as to whether the trial court would have sentenced Beckey to the same sentence without the invalid aggravating factor, remand for resentencing is required. Accordingly, we vacate Beckey's felony sentences, and remand to the trial court for resentencing consistent with this opinion.

FACTS

In March 2022, the State charged Beckey with 13 counts of various crimes related to a domestic incident with a former partner. The jury convicted Beckey of six felonies and four misdemeanors.[1] The jury found that there were domestic violence aggravating factors for four of the felonies. Other aggravating factors were not submitted to the jury.

At sentencing, the State sought sentence enhancements for the domestic violence aggravating factor and the aggravating factor that Beckey's unscored misdemeanor criminal history would result in a presumptive sentence that was "clearly too lenient" under state sentencing guidelines.

The trial court imposed sentences at the top of the standard range for each of the six felony convictions, and then added eight month exceptional sentences for each felony. The court stated that the exceptional sentences were based on aggravating factors found by both the jury and the court.

Two of the convictions – the violation of a felony domestic violence court order conviction and the third degree rape conviction – involved class C felonies. Including the exceptional sentences, the trial court sentenced Beckey to 68 months each for these convictions.

---

[1] Beckey does not appeal his sentences for the four misdemeanors.

The trial court assessed a $250 jury demand fee, a $500 victim penalty assessment and monthly community custody supervision fee in Beckey's judgment and sentence.

Beckey appeals his sentences for the six felonies.

ANALYSIS

A.     LENGTH OF SENTENCE FOR CLASS C FELONIES

Beckey argues, and the State concedes, that the trial court's sentences for the felony violation of a domestic violence court order conviction and the third degree rape conviction exceeded the statutory maximum. We agree.

A trial court errs when it imposes a total term of confinement and community custody exceeding the statutory maximum. *State v. Boyd*, 174 Wn.2d 470, 473, 275 P.3d 321 (2012). Felony violation of a domestic violence court order and third degree rape both are class C felonies. Former RCW 26.50.110(4) (2019); RCW 9A.44.060(2). Class C felonies carry a statutory maximum sentence of 60 months in confinement. RCW 9A.20.021(1)(c). A court cannot impose a sentence greater than the statutory maximum even if the jury finds aggravating factors that would permit greater punishment. RCW 9.94A.537(6).

The jury convicted Beckey of both felony violation of a domestic violence court order and third degree rape. His maximum sentence for these felonies was 60 months for each count, but the trial court imposed a sentence of 68 months for each conviction once the exceptional sentences were included. We accept the State's concession and hold that the trial court erred in imposing 68 month sentences for the felony violation of a domestic violence court order conviction and the third degree rape conviction.

B.      EXCEPTIONAL SENTENCE BASED ON RCW 9.94A.535(2)(b)

Beckey argues that the trial court erred when the court, rather than the jury, found that

Beckey's prior unscored criminal history would result in a presumptive sentence that was

"clearly too lenient" under RCW 9.94A.535(2)(b). The State concedes that this was error

because even though the jury found another aggravating factor, the record is unclear which

aggravating factor the trial court used to sentence Beckey for each felony. We are constrained to

agree.[2]

RCW 9.94A.535(2)(b) permits a sentencing court to impose an exceptional sentence

when it determines that "[t]he defendant's prior unscored misdemeanor or prior unscored foreign

criminal history results in a presumptive sentence that is clearly too lenient." Notwithstanding

this statutory language, Beckey argues that the use of the RCW 9.94A.535(2)(b) aggravating

factor to impose an exceptional sentence must be based on a jury finding that the presumptive

sentence is clearly too lenient.

The Sixth Amendment right to a trial by jury requires that any fact that increases the

penalty for a crime must be proved to a jury beyond a reasonable doubt. *State v. Alvarado*, 164

Wn.2d 556, 563, 192 P.3d 345 (2008*); see also Apprendi v. New Jersey*, 530 U.S. 466, 490, 120

S. Ct. 2348, 147 L. Ed. 2d 435 (2000). In *State v. Saltz*, Division Three of this court held that

whether a presumptive sentence due to unscored misdemeanors is "clearly too lenient" under

RCW 9.94A.535(2)(b) is a factual question for a jury to determine. 137 Wn. App. 576, 583-84,

---

[2] Beckey argues in his opening brief that the entire exceptional sentencing procedure is unconstitutional under the Sixth and Fourteenth Amendments because it permits judicial factfinding for sentencing enhancements. However, in his reply brief, Beckey concedes that we can remand for resentencing without addressing his broad constitutional claim because the record is unclear that the trial court would have imposed an identical sentence without the error addressed in this opinion. Because we are remanding for resentencing, we decline to reach this broad constitutional argument.

154 P.3d 282 (2007). *Saltz* relied on the Supreme Court's holding that that a different

aggravating factor, which also contains "clearly too lenient" language, requires a jury

determination. *State v. Hughes*, 154 Wn.2d 118, 140, 110 P.3d 192 (2005). This court followed

*Hughes* in *State v. Eller*, 29 Wn. App. 2d 537, 544-45, 541 P.3d 1001 (2024) (addressing RCW

9.94A.535(2)(d)).

We believe that the holding in *Hughes* does not make sense. Whether a presumptive

sentence is "clearly too lenient" necessarily involves judicial judgment, not jury factfinding. The

jury simply is not equipped to make this determination. However, based on *Hughes*, we are

constrained to conclude that the trial court erred in determining that the RCW 9.94A.535(2)(b)

aggravating factor applied without a jury finding.

We can affirm an exceptional sentence based on multiple aggravating factors even though

one of the aggravating factors is invalid. *State v. Weller*, 185 Wn. App. 913, 930, 344 P.3d 695

(2015). Where an appellate court overturns an aggravating factor " 'but is satisfied that the trial

court would have imposed the same sentence based upon a factor or factors that are upheld, it

may uphold the exceptional sentence rather than remanding for resentencing.' " *Id.* (quoting

*State v. Jackson*, 150 Wn.2d 251, 276, 76 P.3d 217 (2003)). This rule often applies when the

trial court expressly states that it would have imposed the same exceptional sentence based any

single aggravating factor. *Weller*, 185 Wn. App. at 930.

Here, the judgment and sentence states that both the trial court and the jury found

aggravating factors. But the trial court did not specifically state which aggravating factor applied

to which exceptional sentence. Nor did it state that it would impose the same exceptional

sentences based on each aggravating factor standing alone. Therefore, we cannot affirm the

exceptional sentences based on the valid aggravating factors.

We accept the State's concession and hold that the trial court erred in imposing exceptional sentences for the felony convictions based in part on the "clearly too lenient" aggravating factor in RCW 9.94A.535(2)(b).

C.    LEGAL FINANCIAL OBLIGATIONS

1.    Crime Victim Penalty Assessment

Beckey argues, and the State concedes, the $500 VPA no longer can be imposed under RCW 7.68.035(4).  We agree.

Effective July 1, 2023, RCW 7.68.035(4) prohibits courts from imposing the VPA on indigent defendants as defined in RCW 10.01.160(3).  *See State v. Ellis,* 27 Wn. App. 2d 1, 16, 530 P.3d 1048 (2023).  For purposes of RCW 10.01.160(3), a defendant is indigent if they meet the criteria in RCW 10.101.010(3).  Although this amendment took effect after Beckey's sentencing, it applies to cases pending on appeal.  *Id.*

The trial court found that Beckey was indigent under RCW 10.101.010(3).  Accordingly, we agree that at resentencing the trial court should not impose the $500 VPA.

2.    Community Custody Supervision Fee

Beckey argues, and the State concedes, community custody supervision fees no longer can be imposed under RCW 9.94A.703.  We agree.

In 2022, the legislature eliminated trial courts' ability to impose community custody supervision fees as a condition of community custody.  *See* LAWS OF 2022, ch. 29, § 7.  RCW 9.94A.703, which dictates the conditions of community custody, no longer allows for the imposition of community custody supervision fees on convicted defendants.

The trial court sentenced Beckey to pay a monthly community custody supervision fee in May 2023. The State concedes this was error. Accordingly, we agree that at resentencing the trial court should not impose community custody supervision fees.

3. Jury Demand Fee

The trial court imposed a $250 jury demand fee. At resentencing, the trial court should reconsider imposition of this fee in light of RCW 10.46.190.

CONCLUSION

We vacate Beckey's felony sentences and remand to the trial court for resentencing consistent with this opinion.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
MAXA, P.J.

We concur:

_____
GLASGOW, J.

_____
PRICE, J.